By the Court.
 

 The affidavit is predicated upon the provisions of Section 12603-1, General Code, which reads in part as follows:
 

 “Whoever operates a motor vehicle on the public roads or highways without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways shall be deemed guilty of a misdemeanor * *
 

 Inasmuch as the offense is charged in the affidavit in substantially the language of the foregoing statute, the state contends that this is sufficient because it complies with the following requirement of Section 13437-4, General Code:
 

 “In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statements may be
 
 *463
 
 made in ordinary' and concise language without any technical averments or any allegations not essential to be proved. It may be in the words' of the enactment describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.”
 

 In reply to this contention the defendant insists that neither the affidavit nor this statute is sufficient to fairly and reasonably inform him of the nature and cause of the accusation, as provided by Section 10 of Article I of the Constitution of Ohio which reads in part:
 

 “In any trial, in any court, the party accused shall be allowed * * * to demand the nature and cause of the accusation against him, and to have a copy thereof.”
 

 The defendant urged the same complaint when the case was reviewed by the Court of Common Pleas, but the judgment was affirmed on the ground of waiver. The defendant again pressed his contention before the Court of Appeals, but again the conviction was affirmed. Was this error? It is of course true that the defendant interposed his objection in the form of a motion to quash, which was overruled. But did this exhaust his remedies before going to trial? Section 13437-6, General Code, relating to criminal procedure in Courts of Common Pleas, provides that “the prosecuting attorney, if seasonably requested by the defendant, or upon order of the court, shall furnish a bill of particulars setting up specifically the nature of the offense charged.” Is this statute applicable to the Municipal Court of the city of Massillon? Section 1579-442, General Code, of the act establishing that court, provides that “The laws governing the Court of Common Pleas as to * i * pleadings and procedure, * * * shall be held to apply so far as applicable to the Municipal Court.” At first glance
 
 *464
 
 Section 1579-428 of the same act might be considered as' inconsistent therewith, inasmuch as it states that “In all criminal cases and proceedings the practice and procedure and the mode of bringing and conducting the procedure of defenses and the powers of the court in relation thereto, shall be the same as those which are now, or may hereafter be, possessed by police courts or the mayor in municipalities unless as otherwise provided herein.” But its reference to police courts avoids this difficulty, because Section 4576, General Code, provides that “The police court shall have power to issue process, preserve order, punish contempts, summon and impanel jurors, grant new trials and motions in arrest of judgment, suspend execution of sentence upon notice of intention to apply for leave to file a petition in error, and such other powers incident to the Court of Common Pleas as may be necessary for the exercise of the jurisdiction herein conferred, and the enforcement of the judgments and orders of the court.” Then too, the Massillon Municipal Court Act contains several additional provisions to the effect that the procedure to be followed shall be that of the Court of Common Pleas. Therefore, if the defendant felt that the affidavit was not sufficiently definite to inform him as to the charge preferred against him, it was his privilege and duty to seasonably request of the prosecutor or the court a bill of particulars setting up more specifically the nature of the offense charged. This he failed to do. Hence the lower courts' were correct in holding that the matter was waived when the defendant proceeded to trial.
 

 The judgment of conviction must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Jones, Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.