STATE, APPELLEE, *v.* DINSIO, APPELLANT.

[Cite as State v. Dinsio, 4 Ohio App. 2d 309.]

(No. 7639—Decided July 21, 1964.)

*Mr. Earl W. Allison*, prosecuting attorney, for appellee.
*Mr. Jack W. Nybell*, for appellant.

BRYANT, J. (Presiding.) Amil A. Dinsio, defendant below, has appealed on questions of law from the judgment of conviction and sentence under a two-count indictment charging that on September 6, 1963 (first count), Dinsio burglarized a building, contrary to Section 2907.10, Revised Code, and (second count), forced entrance into a depository box containing money, contrary to the provisions of Section 2907.12, Revised Code.

The indictment was filed on September 18, 1963, and served upon Dinsio the same date. He was arraigned on September

27, 1963, and pleaded not guilty, appearing with privately employed counsel, reserving the right to file a motion in seven days.

On October 4, 1963, Dinsio, pursuant to Section 2941.07, Revised Code, filed a motion for a bill of particulars as to each count in the indictment "setting forth * * * the facts upon which the offenses * * * in the indictment are founded and * * * the manner in which it is claimed that the defendant is involved in the offenses."

Thereafter, upon application jointly made by the defendant and the prosecution, the case was set over to the January 1964 term. Dinsio waived a jury, and the charges were tried to the court, beginning January 16, 1964. At the start of the case, counsel for Dinsio brought to the attention of the court that the prosecution had not responded to the motion for a bill of particulars filed on October 4, 1963.

The trial was recessed while a bill of particulars was prepared and filed. The trial court found the first bill of particulars to be inadequate and another recess was taken, at the end of which a second bill of particulars was filed.

The trial then proceeded, with both sides presenting witnesses, and after the submission of all of the evidence the court, acting as jury, returned a verdict of guilty. A motion for a new trial was filed and overruled, and Dinsio was sentenced to the Ohio Penitentiary on each count, the sentences to run concurrently.

The first error assigned is as follows:

"1. The trial court erred in not requiring the state of Ohio to furnish a bill of particulars until January 16, 1964, the first day of the trial, although the motion for such bill of particulars was filed October 4, 1963."

The right of a defendant in a criminal case to a bill of particulars arises under Section 2941.07, Revised Code (formerly Section 13437-6, General Code). It was first enacted, effective in 1929, as a part of the Code of Criminal Procedure. Prior to 1929, the right of a defendant in a criminal case to a bill of particulars was not recognized in Ohio. *State* v. *Boyatt* (1926), 114 Ohio St. 397, and *City of Cincinnati* v. *Schill* (1932), 125 Ohio St. 57.

The brief of appellant cites only the case of *State* v. *Petro*

(1947), 148 Ohio St. 473, in support of the claim that the requirement is mandatory. There were, of course, numerous other Supreme Court cases, some before and others since the *Petro case, supra.*

The *Schill case, supra,* declined to give effect to the law as to bills of particulars because this law became effective a few days too late to apply. Another early case was *State* v. *Whitmore* (1933), 126 Ohio St. 381, which, in paragraph two of the syllabus, upheld Section 13437-6, General Code, as "reasonable," and in paragraph nine held that "a high, technical degree of certainty in stating an offense in an indictment never was required in Ohio." This case is cited with approval in *State* v. *Lindway* (1936), 131 Ohio St. 166, 183; *State* v. *Hutton* (1937), 132 Ohio St. 461, 463; and *State* v. *Hahn* (1938), 133 Ohio St. 440. See, also, *State* v. *Collett* (1945), 144 Ohio St. 639, as explained in the *Petro case, supra.* In the *Hahn case, supra,* the complaint had been made, but was rejected, that the bill of particulars failed to disclose that the state would prove crimes other than the crime in the indictment, while in the *Collett case, supra,* there was a failure to furnish a bill of particulars, which the Court of Appeals held to be error, but a majority did not find it to be prejudicial error. The appeal to the Supreme Court in the *Collett case* was dismissed because no debatable constitutional question was involved.

In the *Petro case, supra,* paragraphs one through four of the syllabus read as follows:

"1. On the appeal of a criminal case, a judgment against the accused should be affirmed unless the reviewing court finds that it affirmatively appears from the record that the accused was prejudiced by error or prevented from having a fair trial.

"2. The proviso contained in Section 13437-6, General Code, 'that the prosecuting attorney, if seasonably requested by the defendant, or upon order of the court, shall furnish a bill of particulars setting up specifically the nature of the offense charged,' is a mandatory provision and the overruling of defendant's motion seasonably made to order the prosecuting attorney to furnish such bill of particulars constitutes error.

"3. Whether the failure of the court to order the prosecuting attorney to furnish a bill of particulars setting up specifically the nature of the offense charged is prejudicial error

requiring reversal by a reviewing court, depends upon the facts of the particular case.

"4. A prosecuting attorney is not required to disclose the state's evidence through a bill of particulars, but is required to state specifically the nature of the offense charged, including the manner in which or the means by which the death was caused, where the indictment charges murder in the first degree."

In course of the opinion by Turner, J., in the *Petro case,* there appears the following, at page 482:

"In the *per curiam* opinion in the case of *State* v. *DeRighter,* 145 Ohio St., 552, 556, 62 N. E. (2d), 332, it was held:

" 'Hence, it is clear that the purpose of a bill of particulars is not to disclose the state's evidence but simply to state specifically the nature of the offense charged.' "

Where there is vagueness or uncertainty or where the charge is in the alternative, alleging two, three or more offenses, it is error to refuse upon proper demand to furnish a bill of particulars. See *State* v. *Fowler* (1963), 174 Ohio St. 362.

It does not appear from the record either that a formal demand ever was made upon the prosecuting attorney, and there likewise is no indication that the motion which was filed by one of the several attorneys who represented Dinsio was served or otherwise brought to the specific attention of counsel for the state.

The fact is that immediately upon this matter being brought to the attention of the trial court, the judge stopped the trial and the prosecutor prepared and filed a bill of particulars. This did not meet the approval of the trial judge who again stopped the trial and required a more detailed bill of particulars to be furnished.

The motion in this case asked for "the facts upon which the offenses * * * in the indictment are founded and * * * the manner in which it is claimed that the defendant is involved in the offenses."

Under Section 2941.07, *supra,* a bill of particulars, if needed, is for the purpose of "setting up specifically the *nature of the offense charged."* (Emphasis added.)

As stated in the *DeRrighter case, supra,* the purpose of the bill of particulars "is not to reveal the state's evidence but

simply to state specifically the *nature of the offense charged.*" (Emphasis added.)

We have been unable to find from the record any indication that the defendant asked for a continuance, made any objection to proceeding at the time or in fact made any objection to the sufficiency of the second bill of particulars.

Even in the brief in this court, no actual prejudice is claimed. This is understandable for the reason that the theory of the defense was simply an alibi—Dinsio claimed that he spent the time, while the burglary and safecracking were in progress and many hours prior thereto, in the company of a girl friend from Pittsburgh riding around, visiting eating and drinking spots, and one or two trips to an apartment building on North Star Road, Upper Arlington, Ohio.

The evidence as to the visits to the apartment on North Star Road backfired when the state produced evidence to show that the tenant whom the defendant and his girl friend claimed to be visiting had moved away more than three months before the night of the burglary and actually was a complete stranger to Dinsio and his Pittsburgh companion.

Here we have a situation where not one but two bills of particulars were filed. There was, of course, a period of several weeks during which the motion for a bill of particulars was pending with no hearing or other action by the trial court. Defense counsel must share some of the responsibility for this delay, for they could have brought the matter to the attention of the trial court much sooner than they did.

We conclude that in no sense was there a refusal but at the most a delay. If this delay prejudiced the defendant, he could have asked for a continuance, but this was not done. Nowhere in the brief is there any claim of actual prejudice.

This court held, in the case of *Hebden* v. *Hebden* (1957), 107 Ohio App. 184, paragraph one of the syllabus, that one effect of the amendment to Section 6 of Article IV of the Constitution of Ohio, effective in 1945, was that the jurisdiction of Courts of Appeals was subject to the determination of the General Assembly of Ohio. Section 2945.83, Revised Code, provides as follows:

"No motion for a new trial shall be granted or verdict set

aside, nor shall any judgment of conviction be reversed in any court because of:

"(A) An inaccuracy or imperfection in the indictment, information, or warrant, provided that the charge is sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him;

"* * *

"(E) Any other cause unless it appears affirmatively from the record that *the accused was prejudiced thereby or was prevented from having a fair trial.*" (Emphasis added.)

See *State* v. *Wells* (1938), 134 Ohio St. 404.

We conclude that no prejudice in fact took place or is claimed, and hence the first assignment of error must be overruled.

The second assignment of error reads as follows:

"2. The indictment, as particularized by the bill of particulars, failed to allege an offense by this defendant."

We believe that the indictment as drawn was sufficient to require the overruling of this claimed error, and it was not made more vulnerable due to the filing of the two bills of particulars. This assignment is not well taken. The comments in Dinsio's brief at page 2, attributed to the court, appear to relate to the first bill of particulars then before the court. The court below did not consider or question the sufficiency of the indictment to withstand a demurrer, which is the test to be applied in considering the second assignment of error, which must be overruled.

The third assignment of error reads as follows:

"3. The court erred in the admission of evidence over the objection of the defendant, contrary to law and to the substantial prejudice of this defendant."

This objection relates to testimony of a Columbus police officer and another witness concerning pictures of the exterior and interior of an automobile near the scene of the burglary, later withdrawn because in the opinion of the prosecuting attorney the evidence was insufficient to link the car to the crimes at the Big Bear Store. If the story of defendant was to be believed, he was nowhere near the scene. We fail to ascertain how Dinsio was prejudiced, and this assignment of error must be overruled.

The fourth and final assignment of error is as follows: "4. The trial court erred in the admission of evidence contrary to law, and to the substantial prejudice of this defendant."

The chief basis for objection is the rejection of testimony offered by a defense witness seeking to weaken the effect of testimony by a police officer that, under the light available and at the distance, he was able to recognize a man fleeing from the scene of the burglary. Much leeway must be left to the trial court in situations such as this, the trial court being required not to abuse its discretion in such cases. We do not believe an abuse of discretion has been shown.

For the reasons above set forth, the errors assigned and each of them must be overruled, the judgment of the court below must be affirmed and the cause remanded.

*Judgment affirmed.*

TROOP, J., concurs.
DUFFEY, J., concurs in judgment.