THE STATE OF OHIO, APPELLANT, *v.* SELLARDS, APPELLEE.

[Cite as State *v.* Sellards (1985), 17 Ohio St. 3d 169.]

(No. 84-1234—Decided June 5, 1985.)

*Richard L. Fox,* assistant prosecuting attorney, for appellant.

*Paul Gordon,* for appellee.

*S. Michael Miller,* prosecuting attorney, and *Alan C. Travis,* urging reversal for *amicus curiae* Ohio Prosecuting Attorneys Association.

DOUGLAS, J. The issue presented is whether the accused was denied his constitutional right of due process of law when he was compelled to stand trial on the basis of an indictment and bill of particulars which averred that the alleged offenses occurred during broadly specified intervals.

An individual accused of a felony is entitled to an indictment setting forth the "nature and cause of the accusation" pursuant to Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution. The purpose of an indictment is twofold. By compelling the government to aver all material facts constituting the essential elements of an offense, an accused is afforded with adequate notice and an opportunity to defend. See *Redmond* v. *State* (1878), 35 Ohio St. 81, 82-83; *Holt* v. *State* (1923), 107 Ohio St. 307. An indictment, by identifying and defining the offense, also enables an accused to protect himself from any future prosecutions for the same offense. See *Harris* v. *State* (1932), 125 Ohio St. 257.

Pursuant to R.C. 2941.05, an indictment generally is sufficient if it contains, in substance, a statement that the accused has committed some

public offense therein specified. See, also, R.C. 2945.83(A); Crim. R. 7(B). The General Assembly, in declaring what shall be sufficient in an indictment, provided, among other things, that it shall be sufficient if it can be understood that the offense was committed at some time prior to the time of the filing of the indictment. R.C. 2941.03(E). It is also provided, in R.C. 2941.08, that "[a]n indictment or information is not made invalid, and the trial, judgment, or other proceedings stayed, arrested or affected: * * * (C) For stating the time imperfectly; * * *"

Case law is in accord. In *Tesca* v. *State* (1923), 108 Ohio St. 287, this court held in paragraph one of the syllabus that "[i]n a criminal charge the exact date and time are immaterial unless in the nature of the offense exactness of time is essential. It is sufficient to prove the alleged offense at or about the time charged."

Ordinarily, precise times and dates are not essential elements of offenses. Thus, the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges. A certain degree of inexactitude of averments, where they relate to matters other than elements of the offense, is not *per se* impermissible or necessarily fatal to a prosecution.

An accused is not foreclosed from securing specificity of detail, however, for R.C. 2941.07 provides that upon a request for a bill of particulars, "* * * the prosecuting attorney shall furnish a bill of particulars setting up specifically the nature of the offense charged and the conduct of the defendant which is alleged to constitute the offense." A bill of particulars has a limited purpose — to elucidate or particularize the conduct of the accused alleged to constitute the charged offense. See, *e.g., State* v. *Halleck* (1970), 24 Ohio App. 2d 74 [53 O.O.2d 195]; *State* v. *Dinsio* (1964), 4 Ohio App. 2d 309 [33 O.O.2d 353]. A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery. *State* v. *Wilson* (1972), 29 Ohio St. 2d 203 [58 O.O.2d 409]. Thus, "* * * [o]rdinarily, specifications as to date and time would not be required in a bill of particulars since such information does not describe particular *conduct,* but [instead describes] only *when* that conduct is alleged to have occurred, knowledge of which * * * is generally irrelevant to the preparation of a defense." (Emphasis *sic.*) *State* v. *Gingell* (1982), 7 Ohio App. 3d 364, 367.

While temporal information is generally irrelevant in preparing a defense, this court agrees with the court in *Gingell, supra,* that the state must, in response to a bill of particulars or demand for discovery, supply specific dates and times with regard to an alleged offense where it possesses such information. As was stressed in *Gingell* at 368: "* * * No door, however remote and uncertain, ought to be closed to an accused engaged in the task of preparing a defense to a criminal charge. Clearly it is wisest to err on the side of openness and disclosure."

The exercise of good faith on the part of the prosecution is essential in

maintaining public trust and confidence in the integrity of our criminal justice system. Adherence to the above-stated rule will insure that no constitutional right of an accused to due process or a fair trial will be transgressed.

This court would hasten to add that inexactitude, even where the state is simply unable to comply with times and dates more specific than those found in the indictment, *may* also prove fatal to prosecution. Such would be the case if the absence of specifics truly prejudices the accused's ability to fairly defend himself. Two examples given by the court in *Gingell, supra,* at 368, aptly illustrate this point:

"* * * Suppose, in the instant case [involving rape], that the child Tracy had been twelve years old, verging on thirteen, instead of her actual eight years. Under such circumstances, specific dates of sexual conduct might well have become critical to the accused's ability to prepare a defense, since sexual conduct toward one thirteen years of age or older would not constitute the offense of rape as defined in the charged section of the criminal code, R.C. 2907.02(A)(3). Or, suppose that the defendant had been imprisoned or was indisputably elsewhere during part but not all of the intervals of time set out in the indictment. Again, under such circumstances, the inability of the state to produce a greater degree of specificity would unquestionably prejudice the defense."

On the other hand, where the inability to produce a specific time or date when the criminal conduct occurred is, as would be the more typical case, without material detriment to the preparation of a defense, the omission is without prejudice, and without constitutional consequence.

Applying these principles to the instant case, this court first notes that the indictment charged appellee with three acts of rape and four incidents of importuning, alleged to have occurred during delineated time periods at the accused's residence in Uhrichsville. The indictment was sufficient in that it charged conduct which, if proved, would constitute the offenses. R.C. 2941.05. Inasmuch as precise dates and times are not, in light of these facts, essential elements of the offenses of rape and importuning charged herein, they are not essential to the indictment. Similarly, the bill of particulars in this case conformed to statutory prescription. Accordingly, this court finds that the lack of preciseness as to date in the indictment and bill of particulars was not fatal to the state's case.

In addition, the record in this case does not indicate that the failure to provide the accused with a specific date was a material detriment to the preparation of his defense. In this regard, we note that while appellee claims on appeal that the inexactitude of the indictment and bill of particulars as to date denied him the ability to present an alibi defense, appellee never filed a notice of intent to rely on an alibi as is required by Crim. R. 12.1. (Cf. *State* v. *Dingus* [1970], 26 Ohio App. 2d 131, 137 [55 O.O.2d 280]; *Gingell, supra,* at 368.)

An examination of the transcript in this case, however, reveals that

there is something growing out of the time intervals set forth in the indictment which potentially violated appellee's constitutional right to due process and a fair trial. The record indicates that while the prosecution learned the day before trial of a more precise date with respect to the alleged incident involving victim Kelly Weaver, this information was not disclosed to appellee. And, additionally, the time frames involving two other incidents were similarly narrowed during the course of testimony at trial.

If it can be demonstrated that the state had this information or "intentionally" withheld this information as to more precise dates, as the court of appeals so stated, then appellee should have been granted a mistrial as requested. In fact, appellee sought to prove that the prosecutors had more specific information when he requested inspection of the grand jury testimony after there was testimony as to more specific times.

While the secrecy of grand jury testimony is legendary, this court recognized an exception to this secrecy rule in *State* v. *Greer* (1981), 66 Ohio St. 2d 139 [20 O.O.3d 157]. This court held in *Greer* that if an accused is able to demonstrate a particularized need, *i.e.,* when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the defendant a fair trial, grand jury proceedings may be disclosed.

Based on this record, this court finds that the accused demonstrated a particularized need to inspect the grand jury testimony and that the trial court thus erred in refusing to allow an *in camera* inspection of *relevant* portions of grand jury testimony. See Crim. R. 6(E); *State* v. *Greer, supra,* at 150-151. The state's witnesses testified to significantly different time frames than those presented in the indictment or the bill of particulars. Inspection of the grand jury testimony would establish whether the alleged victims suddenly had remembered previously forgotten facts, whether the state intentionally failed to solicit such information, or whether the testimony as to time was elicited but purposefully withheld from the accused. As we stated previously herein, if the state had information as to time, it had a duty to disclose it since the accused had made proper requests for such information.

For the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and JONES, JJ., concur.

JONES, J., of the Twelfth Appellate District, sitting for WRIGHT, J.