JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a trial to the bench, defendant-appellant Lester Ballance was found guilty of menacing by stalking in violation of R.C. 2903.211(A)(1), a first-degree misdemeanor. Over a month later, Ballance filed a motion for a new trial based upon newly discovered evidence. The trial court denied the motion and sentenced Ballance to community control. Ballance now appeals, bringing forth three assignments of error, which we address out of order.
In his third assignment of error, Ballance contends that the trial court abused its discretion in denying his motion for a new trial. We are unpersuaded.
A criminal defendant who has been convicted of an offense may petition a trial court for a new trial based upon newly discovered evidence.[1] But in order to warrant a new trial, it must be demonstrated that the newly discovered evidence (1) discloses a strong probability that it will change the result if a new trial is granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence.[2] Whether to grant a motion for a new trial is committed to the sound discretion of the trial court, and its decision will not be reversed by a reviewing court absent an abuse of that discretion.[3]
Our review of the record convinces us that the trial court did not abuse its discretion in denying Ballance's motion for a new trial when the alleged newly discovered evidence was merely introduced to contradict the trial testimony of the victim, Tammie Rackley. Rackley had testified that on February 21, 2003, sometime between 6:30 a.m. and 7:30 a.m., she saw Ballance standing in the driveway of her home. Rackley testified that she had a "pretty good" view of Ballance because the sun was starting to rise and due to the "reflection of the snow." Attached to his motion for a new trial was a copy of the Local Climatological Data for February 2003. Ballance stated that this document indicated that there was no snow on February 21, 2003, and, thus, that Rackley could not have seen him standing at her home early in the morning. Even if the report did indicate that there was no snow that day, this evidence merely impeached or contradicted Rackley's statement that there was snow on the ground and that she could see him in her driveway. (Our review of the report indicates that there was one inch of snow/ice on the ground on February 21, 2003.)
Next, Ballance maintains that he first learned at trial of the specific cellular telephone number from which Rackley had claimed that he had called her. It was demonstrated at trial that the cellular phone number that had appeared on Rackley's caller identification box belonged to the man whom Ballance lived with, Ronn Rucker. Ballance claims that it was only after the trial that he was able to get a copy of Rucker's cellular phone bill, which he believes demonstrates that he did not call Rackley from that number. But this evidence simply contradicted Rackley's testimony. Further, the record does not reveal Rackley's phone number, so we are unable even to determine whether Rucker's cellular phone bill demonstrated that no calls were made to Rackley in February 2003.
Because the newly discovered evidence merely tended to contradict the victim's trial testimony, we overrule the third assignment of error.
In his first assignment of error, Ballance contends that he was denied due process of law and that his trial was unfair. In his first argument in support of this assignment, he contends that the state failed to respond to his request for a bill of particulars and that it failed to produce timely discovery.
When a party fails to provide discovery, the trial court may impose certain sanctions as set forth in Crim.R. 16(E)(3). It is within the trial court's discretion to decide what sanction to impose.[4] While it is error for the state to fail to provide a bill of particulars upon a proper request, it is dependent upon the facts of the particular case whether the trial court's failure to order the state to furnish a bill of particulars is reversible error.[5]
The state concedes here that the discovery was late and that a bill of particulars was not provided to Ballance, but it argues that these errors did not prejudice Ballance. We agree.
The record indicates that the state's delay in providing discovery was not intentional. Further, the trial court held that any evidence in the possession of the state that was not disclosed to Ballance would not be admissible at trial and that during trial, should the defense need to further investigate any evidence that was untimely provided by the state, it would grant a continuance. Ballance failed to take advantage of the continuances offered to him.
Ballance was also not prejudiced by the state's failure to provide a bill of particulars. While Ballance argues that he could have refuted Rackley's testimony that she had observed him driving away from her home one morning in a silver Monte Carlo owned by Ronn Rucker if he had known on what date that had occurred, the record reveals that he did challenge that evidence at trial. On cross-examination, defense counsel asked the witness if he was aware that the Monte Carlo was in the repair shop when Rackley claimed that she had seen it at her house. Additionally, we again point out that Ballance did not request a continuance to investigate based on the testimony of which he now complains. While Ballance was not prejudiced by the failure of the state to provide a bill of particulars in this case, we caution the state to avoid this mistake in the future.
In his second argument in support of this assignment, Ballance maintains that there was insufficient evidence to support his conviction for menacing by stalking. R.C. 2903.211(A)(1) provides that "no person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
Here, Rackley testified that she had observed Ballance, a former co-worker, at her home on two separate occasions. She also testified that several phone calls were made to her residence and that she recognized Ballance's voice as the one threatening her and calling her names. There were also a series of letters, signed by Ballance and addressed to Rackley and her co-workers, containing threatening language. Ballance argues that the letters could not be tied to him because the expert document examiner at trial could not state that it was Ballance's signature on the letters. But the expert also could not state that it was not Ballance's signature. Regardless, even if the trier of fact did not consider the letters, we hold that there is sufficient evidence to support Ballance's conviction for menacing by stalking, given the phone calls and visits to Rackley's home.
Because Ballance was not denied due process of law, the first assignment of error is overruled.
In his second assignment of error, Ballance contends that his conviction was against the manifest weight of the evidence. Our review of the record convinces us that the trial court did not lose its way in resolving conflicts in the evidence. Thus, the third assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See Crim.R. 33.
[2] State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.
[3] State v. Williams (1975), 43 Ohio St.2d 88,330 N.E.2d 891.
[4] See State v. Parson (1983), 6 Ohio St.3d 442, 445,453 N.E.2d 689.
[5] See State v. Dinsio (1964), 4 Ohio App.2d 309,212 N.E.2d 606.