DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant Brock Smith appeals from a jury verdict in favor of the State rendered on July 20, 2004, finding Appellant guilty of felonious assault and aggravated robbery, each with firearm specifications, in violation of R.C. 2903.11(A)(2) and 2911.01(A)(1), respectively. Appellant argues, with respect to his felonious assault conviction, that the trial court erred in failing to grant a continuance and subsequent motion for acquittal. He also argues the trial court erred in denying admission of certain evidence regarding the felonious assault charge. Finally, he argues the trial court erred with regard to non-minimum and consecutive sentencing of the felonious assault and aggravated robbery charges. We find that the trial court's failure to grant a continuance as to the felonious assault charge resulted in prejudice to Appellant and thus, a failure of justice.
 {¶ 2} In light of the disposition of Appellant's second assignment of error, all other assigned errors, with the exception of Part B of assignment of error IV are rendered moot. Accordingly, we reverse the jury's finding of guilt with regard to the felonious assault charge and remand to the trial court for proceedings consistent with this holding. We also find that Part B of assignment of error IV has merit and therefore we reverse the trial court's imposition of sentence regarding the aggravated robbery conviction and remand for re-sentencing.
 {¶ 3} On May 17, 2004, the State of Ohio indicted Appellant, Brock Smith, for Aggravated Robbery, in violation of R.C. 2911.01(A)(1), a first degree felony, and Felonious Assault, in violation of R.C.2903.11(A)(2), a second degree felony, with firearm specifications on both charges. Both charges were stated in the indictment to have occurred on or about March 7, 2004. The charge of aggravated robbery stemmed from a robbery that occurred at Papa John's Pizza in Ironton, Ohio, and the charge of felonious assault stemmed from an incident occurring at the residence of Timothy Bare of Ironton, Ohio. Upon completion of an investigation by the Ironton Police Department, Appellant was arrested and charged with these crimes.
 {¶ 4} At his arraignment on May 19, 2004, Appellant pled not guilty to both charges and on the same day, through counsel, filed a request for discovery. Discovery was thereafter provided by both parties. On July 15, 2004, counsel for Appellant filed a motion to dismiss, claiming prejudice as a result of misconduct by agents of the state, alleging by affidavit that certain members of the police department had instructed several witnesses not to cooperate with Appellant's investigators. The trial court denied Appellant's motion the same day. On July 16, 2004, Appellant filed a conditional notice of alibi, claiming to have spent part of the "day" in question "in the company of Scott Chatfield in South Point, Ohio, and also at the home of Tony Smith in Ironton."
 {¶ 5} Appellant's trial began on July 19, 2004. During voir dire, the prosecutor identified that the Papa John's robbery occurred on the evening of March 7, 2004, and the felonious assault occurred on the evening of March 6, 2004. Upon completion of voir dire, Appellant's counsel immediately claimed surprise and prejudice and moved the court for additional time to prepare a defense, or for a dismissal of the charge. The state opposed the motion, citing the indictment stated the offense occurred "on or about March the 7th," and that there was no request for a bill of particulars that particularly gave the time in this case. The trial court overruled Appellant's motion, reasoning that "[t]he indictment charges on or about March 7 and `on or about' would include, obviously, March 6th." A jury trial ensued where, in accordance with his previously filed conditional notice of alibi, Appellant presented alibi testimony for the evening of March 7, 2004, and flatly denied the occurrence of the alleged felonious assault the evening prior.
 {¶ 6} On July 20, 2004, the jury returned a verdict of guilt on both charges, including the firearms specifications. On July 23, 2004, Appellant filed a motion for acquittal with regard to the felonious assault conviction only, on sufficiency of evidence grounds. On July 28, 2004, the trial court overruled Appellant's motion for acquittal and sentenced Appellant to consecutive terms of imprisonment, totaling twenty-two years and fines totaling $35,000.00
 {¶ 7} It is from this judgment entry that Appellant filed his timely notice of appeal, assigning the following errors:
{¶ 8} "I. The trial court erred in refusing to grant defendant's motion for acquittal in connection with the charge of felonious assault against him."
 {¶ 9} "II. The trial court erred in refusing to grant a continuance to defendant on the felonious assault charge despite surprise and prejudice to him."
 {¶ 10} "III. The trial court erred in denying admission to a threatening phone call made to defendant by one of the witnesses against him."
 {¶ 11} "IV. The trial court erred in sentencing the defendant failing to follow the statutory guidelines required."
 {¶ 12} "(A) The trial court erred in imposing consecutive sentences for the offenses of felonious assault and aggravated robbery."
 {¶ 13} "(B) The trial court erred in giving defendant more than the minimum term authorized for each offense."
 {¶ 14} As our finding in relation to Appellant's second assignment of error is dispositive of the majority of issues raised, we will address it first. In his second assignment of error, Appellant claims surprise and prejudice as a result of the trial court's failure to grant a continuance on the felonious assault charge where the state identified, during voir dire, that the offense occurred the evening of March 6, 2004, as opposed to March 7, 2004, as stated in the indictment and as contemplated in Appellant's previously filed conditional notice of alibi. The record reflects that Appellant preserved this issue for appeal by requesting a continuance on this charge immediately upon conclusion of voir dire and prior to the start of the trial.
 {¶ 15} The Supreme Court of Ohio addressed the issue of the specificity required in indictments in State v. Sellards (1985),17 Ohio St.3d 169, 17 O.B.R. 410, 478 N.E.2d 781. In Sellards, the court stated that "[p]ursuant to R.C. 2941.05, an indictment generally is sufficient if it contains, in substance, a statement that the accused has committed some public offense therein specified." Id. at 170-171. The court went on, citing a previous holding, stating that "[i]n a criminal charge the exact date and time are immaterial unless in the nature of the offense exactness of time is essential. It is sufficient to prove the alleged offense at or about the time charged." Id. at 171. The court further reasoned that "[a]n accused is not foreclosed from securing specificity of detail, however, for R.C. 2941.07 provides that upon a request for a bill of particulars, `* * * the prosecuting attorney shall furnish a bill of particulars setting up specifically the nature of the offense charged and the conduct of the defendant which is alleged to constitute the offense.' * * * A bill of particulars is not designed to provide the accused with specifications of evidence or serve as a substitute for discovery." Id., citing State v. Halleck (1970),24 Ohio App.2d 74, 263 N.E.2d 917; State v. Dinsio (1964),4 Ohio App.2d 309, 212 N.E.2d 606; and State v. Wilson (1972),29 Ohio St.2d 203, 280 N.E.2d 915.
 {¶ 16} The Supreme Court in Sellards went on to explain that "`[o]rdinarily, specifications as to date and time would not be required in a bill of particulars since such information does not describe particular conduct, but [instead describes] only when that conduct is alleged to have occurred, knowledge of which * * * is generally irrelevant to the preparation of a defense'." Sellards at 171, citingState v. Gingell (1982), 7 Ohio App.3d 364, 455 N.E.2d 1066, (Emphasis added). However, the court stated "that the state must, in response to a bill of particulars or a demand for discovery, supply specific dates and times with regard to an alleged offense where it possesses such information." Sellards at 171. In Sellards, the court held that the failure to provide the accused with a specific date was not a material detriment to the preparation of the defense as "appellee never filed a notice of intent to rely on an alibi as is required by Crim.R. 12.1."[1]
Id. at 172
 {¶ 17} These issues have been considered by this court as well. InState v. Stepp (1997), 117 Ohio App.3d 561, 565, 690 N.E.2d 1342, this court noted that "neither an indictment nor a bill of particulars is required to set forth a date when a specified date is not an element of the offense" and that "[a] bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery." (Citations omitted). We also noted that "the Supreme Court has held that the state must supply dates and times of an alleged offense in a bill of particulars when it possesses such information[,]" and further, that "the courts have generally held that the failure to disclose known dates is fatal to a prosecution only if the absence of specifics prejudices the accused's ability to fairly defend herself." Id. at 565-566, citing Sellards, supra. In Stepp, this court held that the Appellant's claim of prejudice failed because she never indicated an intention to use an alibi, nor did she request a continuance.[2]
 {¶ 18} This court recently adhered to the reasoning of Sellards andStepp, supra, in State v. Green, Ross App. No. 04CA2760, 2004-Ohio-5089. In Green, we again noted that "[t]he precise date and time of the offense are not essential elements of [the] crime" and upon a request for a bill of particulars by an accused, "the prosecution must supply specific dates and times for the alleged offense if it possesses such information." Id., citing Sellards, supra. Further, we held in Green that "[i]f the prosecution is unable to provide more specific dates for the offense, the absence of specific dates may be fatal to the prosecution if it results in a material detriment to the accused in preparation of a defense[,]" such as where "the defendant asserted an alibi or claimed that he was indisputably elsewhere during part, but not all, of the time frame specified."[3] Id.
 {¶ 19} Additionally, we are persuaded by the reasoning of the Eleventh District in State v. Elersic, Lake App. Nos. 2000-L-062, 2000-L1-64, 2001-Ohio-8787, where the appellant claimed prejudice when the state was permitted to amend an indictment on the morning of the trial. In Elersic,
the state amended the indictment on the morning of trial, changing specific dates from May 23 and 24, 1999 to May 5, 1999. The appellant had filed a notice of alibi for the period of time between May 23 and May 24, 1999, after both the indictment and a bill of particulars provided those specific dates. Of importance in Elersic, is the court's statement that "[d]escribing when the criminal conduct occurred in an indictment or bill of particulars is generally irrelevant to the preparation of the defense because the defendant is expected to conduct discovery." Id., citing Stepp, supra. The Elersic court further reasoned "if the defendanthas filed an alibi defense based on the dates contained in the indictmentand subsequent bill of particulars, and those dates are inaccurate, hewill have suffered a material detriment in the preparation of hisdefense." Elersic, citing State v. Barnecut (1988), 44 Ohio App.3d 149,152, 542 N.E.2d 353; and Stepp, supra. (Emphasis added). Because Elersic filed a notice of alibi for the dates contained in the indictment, the court held that "the amendment of the indictment created a material detriment for appellant in the preparation of his defense."[4]
See Elersic.
 {¶ 20} We are not persuaded by Appellee's, as well as the trial court's, position that "on or about March 7" sufficiently covered the evening of March 6 where, as here, two separate crimes involving totally different victims and locations were charged. We also note that Appellee's argument regarding the failure to file a request for a bill of particulars may have been persuasive, but for the fact that the indictment contained a specific date of the offense and also sufficiently described the offense charged. There was no compelling reason for Appellant to request a bill of particulars requesting the specificity of date and time, as there was nothing to clarify or specify. In fact, we find the failure to request a bill of particulars was cured by the filing and supplementing of discovery by both parties. Again, the date of the offense was not an issue in discovery as the indictment, on its face, was clear as to the date of the offense. We find this reasoning to be in accord with the holdings of Stepp and Elersic, supra, with regard to the intended function of an indictment and bill or particulars in relation to discovery.
 {¶ 21} In light of the foregoing reasoning, we reverse and remand for a new trial Appellant's conviction regarding the count of felonious assault. As the other assigned errors, with the exception of Part B of assignment of error IV, relate to conviction under this charge, our disposition of this issue renders those assigned errors moot.
 {¶ 22} In assignment of error IV (B), appellant argues that the trial court erred in sentencing him, failing to follow the statutory guidelines required, by giving him more than the minimum term authorized for each offense. We agree. When an appellate court reviews a trial court's sentencing decision, the trial court's decision will not be disturbed on appeal unless the court "clearly and convincingly" finds that: "(1) the sentence is not supported by the record; (2) the trial court imposed a prison sentence without following appropriate statutory procedures; or (3) the sentence imposed was contrary to law." State v. McGhee, Lawrence App. No. 04CA15, 2005-Ohio-1585, ¶ 48, citing R.C. 2953.08(G)(1); Statev. McCain, Pickaway App. No. 01CA22, 2002 Ohio 5342. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." McGhee, supra.
 {¶ 23} R.C. 2929.14 (B) requires "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies: (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term. (2) The court finds on the record that the shortestprison term will demean the seriousness of the offender's conduct or willnot adequately protect the public from future crime by the offender or others." (Emphasis added). While R.C. 2929.14(B) does not require that the trial court gives its reasons for finding that the seriousness of the offender's conduct will be demeaned, the Ohio Supreme Court recently held that "when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at thesentencing hearing." State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110,715 N.E.2d 131; State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, paragraph two of the syllabus. (Emphasis added).
 {¶ 24} Rather than imposing the shortest prison term authorized by R.C. 2929.14(A), the trial court in the present case sentenced Appellant to serve a term of nine years in prison and a mandatory consecutive three-year term as to the gun specification. In its judgment entry, the trial court stated "if the shortest term of imprisonment possible is imposed, it would demean the seriousness of these offenses." However, the trial court did not make the required findings during the sentencing hearing, as required by Edmonson and Comer, supra. During the sentencing hearing, the trial court stated on the record that "[t]o conduct an armed robbery upon an establishment with young people working there, to place those people onto the ground, to hold a sawed off shotgun over their head one can only imagine those people were thinking this was the end of their life. I can't imagine a more horrendous event occurring, other than obviously the discharge of the weapon, that sort of thing." At no point does the trial court link these findings with the wording required under R.C. 2929.14(B).
 {¶ 25} The Supreme Court of Ohio has held that although one or more of the remarks made by a trial court might arguably support a finding that the minimum sentence would demean the seriousness of the conduct or that the public would not be adequately protected from future crime, the trial court's failure to specify either of the reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentence is error.Edmonson, supra at 328. Consequently, we find the trial court erred in imposing more than the minimum terms authorized by R.C. 2929.14(A). For this reason, we sustain Part B of Appellant's fourth assignment of error and reverse and remand for re-sentencing.[5]
Judgment affirmed in part, reversed in part and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED, and that Appellee and Appellant split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs in Judgment only.
Harsha, J.: Concurs in Judgment and Opinion.
[1] In Sellards, the appellant was charged with multiple counts of rape and importuning which occurred over a period of several months, as opposed to an incident which occurred on a specific date, known to the prosecution. Such a time frame set forth in an indictment readily lends itself to a request for a bill of particulars or discovery geared towards defining a more specific date.
[2] In Stepp, the appellant was charged with aiding and abetting felonious sexual penetration, where her boyfriend repeatedly had sex with her fourteen-year-old daughter. Stepp claimed that the state failed to provide her with more specific dates and times of the offenses, despite knowledge thereof, which she claimed prevented her from asserting an alibi defense. The court denied appellant's motion, reasoning that she had failed to file a notice of alibi and because the persuasiveness of her defense, that she never witnessed the unlawful conduct and that she did not believe her daughter, would not be affected by an alibi.
[3] In Green, this court noted that the failure to provide exact dates and times in an indictment is generally not fatal to the prosecution, especially in cases involving child sexual abuse, where the victims are often young children who are unable to remember exact dates. In Green,
the appellant did not present an alibi at trial or claim that he was indisputably elsewhere during the interval specified.
[4] In Elersic, the original indictment charged appellant with breaking into a nursery "between May 23 and 24, 1999." Appellant filed a bill of particulars requesting the specific date and time of each occurrence and then filed a notice of alibi covering those two dates. In Elersic, the indictment was formally amended on the morning of trial, but before trial began. In the case sub judice, the indictment was never even formally amended and Appellant had no notice that the date in the indictment was incorrect until voir dire.
[5] There has been much confusion regarding Ohio's felony sentencing laws and the application of Comer, supra. Further, nuances exist between the wording required when sentencing an offender to a non-minimum sentence under R.C. 2929.14(B) versus sentencing an offender to a maximum sentence under R.C. 2929.14(C). Here, we find that the trial court went to great efforts to comply with these complex provisions. In fact, the trial court, at the sentencing hearing, specifically recited the required language for imposition of a maximum sentence regarding the "worst forms of the offense" and the offender posing the "greatest likelihood of committing future crimes," as required under R.C. 2929.14(C), rather than 2929.14(B). Theoretically, the trial court could have, based upon the words it used in the sentencing hearing, sentenced Appellant to the maximum term of ten years, rather than the non-minimum term of nine years. While this result is somewhat illogical, we must apply the statute as written.