DECISION AND ENTRY
{¶ 1} Defendant was convicted in 1986 in Montgomery County Common Pleas Court Case No. 96-CR-1882 of felonious assault on a peace officer and was sentenced to six to twenty-five years in prison. Defendant was released on parole supervision on or about March 29, 2005. The terms of that supervision required Defendant to report to his parole officer on a monthly basis.
 {¶ 2} After failing to successfully complete its program, Defendant was discharged from the Dayton VOA on or about January 25, 2006, and thereafter he failed to report to his parole officer during February, March, April or May 2006. *Page 2 
Defendant was eventually arrested on June 4, 2006.
 {¶ 3} As a result of these events, Defendant was indicted on one count of escape, R.C. 2921.34(A)(1), a felony of the second degree. The indictment set forth the date of the offense as being between January 24, 2006 and January 31, 2006. Just three days prior to trial, the State moved to amend the dates of the offense alleged in the indictment to between January 24, 2006 and June 4, 2006.
 {¶ 4} Defendant objected, claiming that he would be prejudiced by this substantial increase in the time frame during which this offense occurred. The trial court overruled Defendant's objection and permitted amendment of the indictment, stating that the amendment did not change the name or elements of the offense the State was required to prove, which was essentially that Defendant failed to report to his parole officer. The court pointed out that this was a continuing offense/course of conduct up until Defendant was arrested.
 {¶ 5} On the morning Defendant's jury trial was to begin, and pursuant to a plea offer from the State, Defendant entered a no contest plea to the escape charge in exchange for a recommended sentence of four years. The trial court accepted Defendant's plea, found him guilty, and imposed the parties' agreed four year sentence. *Page 3 
 {¶ 6} Defendant timely appealed to this court from his conviction and sentence. His appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that he could not find any meritorious issue for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record.Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 7} As a possible issue for appeal, Defendant's appellate counsel raises the question of whether the trial court erred in granting the State's motion to amend the indictment. According to Defendant, this amendment, made only a few days before trial, prejudiced him by enlarging the period of time within which the offense occurred from just eight days to one hundred thirty-two days, greatly increasing the time frame of the offenses alleged.
 {¶ 8} Crim.R. 7(D) governs the amendment of indictments and provides, in relevant part:
 {¶ 9} "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the *Page 4 
evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury."
 {¶ 10} It is arguable that the amendment enlarging the dates of this offense was proper, because Defendant's failure to report to his parole officer, which is the basis of the alleged breaking of detention in violation of R.C. 2921.34(A)(1), was a continuing, recurring offense and pattern of conduct for each day until Defendant was finally apprehended on June 4, 2006. More importantly, the exact date and time of the offense are not elements of the crime of escape under R.C.2921.34(A)(1), and therefore the failure to provide an exact date or time is not a basis for dismissing the escape charge. State v.Sellards (1985), *Page 5 17 Ohio St.3d 169; State v. White (April 17, 1986), Greene App. No. 85CA38. Furthermore, because the date and time is not an element of the offense of escape, any change in the date does not change the name or identity of the crime charged. White; Crim.R. 7(D).
 {¶ 11} Although Defendant now argues that his defense was prejudiced by the amendment which greatly enlarged the time period within which the offense occurred, and accordingly the time frame Defendant would have to defend, the record demonstrates that after the trial court permitted the amendment Defendant never requested a continuance of the trial to prepare his defense. Rather, he chose to accept the State's plea offer, which included an agreed upon four year sentence.
 {¶ 12} On the other hand, at least two Courts of Appeal have concluded that amending the indictment to expand the time frame during which the offense was committed, beyond the date(s) specified in the indictment, although it does not change the name or identity of the offense, may nevertheless constitute a separate offense that requires separate presentment to the grand jury, Section 10, Article I of the Ohio Constitution, and creates an impermissible risk that the accused will be convicted based upon facts and evidence that was never presented to or considered by the grand jury. State *Page 6 v. Vitale (1994), 96 Ohio App.3d 695; State v. Plaster,164 Ohio App.3d 750, 2005-Ohio-6770.
 {¶ 13} After granting the State's motion to amend the indictment, which effectively expanded the time frame during which this offense was alleged to have been committed from the January 24-January 31 time period specified in the original indictment to a greatly enlarged January 24-June 4 time period, the trial court remarked during its plea colloquy with Defendant that, "It's anytime between there." That creates the risk that Defendant's conviction may be based upon a failure to report to his parole officer during the period of time after January 31 and before June 4, which, being outside the time frame specified in the original indictment, could constitute a separate crime from that charged in the original indictment that was never presented to the grand jury. Plaster.
 {¶ 14} Under these circumstances, we cannot say that there is no arguable merit to Defendant's contention that the trial court erred and violated his rights to due process by granting the State's motion to amend the indictment. Accordingly, we will appoint new appellate counsel for Defendant for the purpose of raising this issue in Defendant's direct appeal, as well as any other issue counsel deems appropriate.
 So ordered. *Page 7 
WILLIAM H. WOLFF, JR., PRESIDING JUDGE.
JAMES A. BROGAN, JUDGE.
 THOMAS J. GRADY, JUDGE. *Page 1