[Cite as *State v. Hedges*, 2013-Ohio-1645.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

ROBERT T. HEDGES, JR.

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 11-CA-39

O P I N I O N

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of
Common Pleas, Case No. 10CR382

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 22, 2013

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

GREGG MARX
Prosecuting Attorney
Fairfield County, Ohio
239 W. Main Street, Ste. 101
Lancaster, Ohio 43130

JAMES L. DYE
P.O. Box 161
Pickerington, Ohio 43147

*Hoffman, P.J.*

{¶1} Defendant-appellant Robert T. Hedges, Jr. appeals his convictions entered by the Fairfield County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On June 1, 2010, A.H., a five year-old girl, told her babysitter she was experiencing pain while urinating. Subsequently, A.H. was taken to Fairfield Medical Center for examination, treatment and analysis. A.H. was also interviewed at Fairfield County Child Advocacy Center, during which she indicated she was touched by her grandmother's friend. She stated that person touched her under her clothes and underwear with his fingers. She then pointed to the circled vagina on an anatomical drawing. A.H. stated the room had "a lot of bunnies" and was "pink, pink, pink." She indicated the person had no hair on his head.

{¶3} Detective Eric Duemmel of the Lancaster City Police Department investigated the home of A.H's grandmother where Appellant also resided. Evidence at trial established Appellant has no hair on his head, and occupied a room in the residence with pinkish color wall paper and rabbits in the room.

{¶4} An employee of the Ohio Bureau of Criminal Investigation, Cindy Erwin, conducted a polygraph examination of Appellant. Following the polygraph, Appellant told Erwin he had been drinking, came home and went directly to his room. The next thing he realized was somebody standing beside him. He put his hand against her vagina or on her vagina. Appellant told Erwin he put his hands in A.H.'s pants. He then

dropped his head, got quiet and nodded yes when asked if he would prefer to talk to Detective Duemmel.

{¶5} Appellant told Detective Duemmel he touched A.H.'s vagina. He had been out drinking, and went to lie down on his bed. He stated A.H. came into his room, walked up beside his bed, and stood beside the bed. He lifted her nightgown and touched her vagina. He indicated he pulled down her underwear, and used his other hand to touch her vagina. Appellant indicated there was penetration.

{¶6} On September 17, 2010, Appellant was indicted by the Fairfield County Grand Jury on one count of rape, in violation of R.C. 2907.02(A), and one count of gross sexual imposition, in violation of R.C. 2907.05(A).

{¶7} Appellant filed a motion to suppress the statements made immediately following the polygraph examination. The trial court conducted a hearing on the motion to suppress on April 27, 2011. The trial court overruled the motion to suppress via Judgment Entry of May 12, 2011.

{¶8} The matter proceeded to jury trial. Appellant made a Criminal Rule 29 motion for acquittal following the presentation of the state's case. The trial court overruled the motion. Appellant did not call any witnesses, nor present a defense to the state's case. The jury found Appellant guilty on both counts. The trial court then sentenced Appellant on the rape charge to a term of fifteen years to life, finding the rape count and GSI count allied offenses of similar import and merged for the purposes of sentencing.

{¶9} Appellant now appeals, assigning as error:

{¶10} "I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY DENYING APPELLANT'S MOTION TO SUPPRESS.

{¶11} "II. THE DEFENDANT'S STATEMENTS MUST BE SUPPRESSED AS THE STATE OF OHIO FAILED TO RECORD THE FOLLOW UP INTERROGATION, OR FAILED TO MAINTAIN THOSE RECORDINGS.

{¶12} "III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S SECOND MOTION FOR A BILL OF PARTICULARS REQUESTING A MORE SPECIFIC DATE OF THE ALLEGED INCIDENT."

I & II

{¶13} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶14} Appellant maintains the trial court erred in denying his motion to suppress.

{¶15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v.*

*Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶16} Specifically, Appellant asserts he was in custody at the time he made his incriminating statements; therefore, he should have been afforded his Miranda warnings prior to the statements. Appellant maintains a reasonable person would have understood he was not free to leave the scene, and would have felt his freedom of movement restrained. *United States v. Bengivena* (1988), 845 F.2d 593.

{¶17} Appellant states the interview lasted approximately five hours. He was driven to the interview by a detective, over an hour from home, and had no way to leave. Appellant concludes a reasonable person would have believed himself in custody under the circumstances. *Berkemer v. McCarty* (1984), 468 U.S. 420.

{¶18} In addition, Appellant maintains the trial court erred in overruling the motion to suppress because the State failed to record the interrogation which occurred subsequent to the polygraph examination, or failed to retain the recordings if made. We

find Appellant has not affirmatively demonstrated prejudice as a result of the alleged failure of the State as the outcome of the trial would not have been otherwise if the recordings would have been made and/or available.

{¶19} Appellant demanded the polygraph examination and was informed there would be a post-examination interview before he began the test. Appellant was informed of his rights prior to the commencement of the examination, including his right to remain silent and his right to counsel. He was informed he was free to terminate the interview, as he had done on a prior occasion. Further, Appellant was promised a ride home without regard to the results of the examination or the interview. We find a reasonable person would have understood they were not in custody, and Appellant's freedom of movement was not restrained. Accordingly, we find the trial court did not err denying Appellant's motion to suppress.

{¶20} Again, Appellant has not demonstrated prejudice as a result of the State's failure to provide a transcript of the interview. The record demonstrates Appellant requested the polygraph examination, was informed of the post-interview, and orally and in a signed writing made a statement admitting to the conduct at issue.

{¶21} The first and second assignments of error are overruled.

III

{¶22} In the third assignment of error, Appellant argues the trial court erred in overruling his motion for a second bill of particulars requesting a more specific date of the alleged incident. Appellant cites the Ohio Supreme Court's holding in *State v. Sellards* (1985), 17 Ohio St.3d 169, in support,

**{¶23}** "Ordinarily, precise times and dates are not essential elements of offenses. Thus, the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges. A certain degree of inexactitude of averments, where they relate to matters other than elements of the offense, is not *per se* impermissible or necessarily fatal to a prosecution.

**{¶24}** "An accused is not foreclosed from securing specificity of detail, however, for R.C. 2941.07 provides that upon a request for a bill of particulars, ' * * * the prosecuting attorney shall furnish a bill of particulars setting up specifically the nature of the offense charged and the conduct of the defendant which is alleged to constitute the offense.' A bill of particulars has a limited purpose to elucidate or particularize the conduct of the accused alleged to constitute the charged offense. See, *e.g., State v. Halleck* (1970), 24 Ohio App.2d 74, 263 N.E.2d 917 [53 O.O.2d 195]; *State v. Dinsio* (1964), 4 Ohio App.2d 309, 212 N.E.2d 606 [33 O.O.2d 353]. A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery. *State v. Wilson* (1972), 29 Ohio St.2d 203, 280 N.E.2d 915 [58 O.O.2d 409]. Thus, ' * * * [o]rdinarily, specifications as to date and time would not be required in a bill of particulars since such information does not describe particular *conduct,* but [instead describes] only *when* that conduct is alleged to have occurred, knowledge of which * * * is generally irrelevant to the preparation of a defense.' (Emphasis *sic.*) *State v. Gingell* (1982), 7 Ohio App.3d 364, 367, 455 N.E.2d 1066.

**{¶25}** "While temporal information is generally irrelevant in preparing a defense, this court agrees with the court in *Gingell, supra,* that the state must, in response to a bill of particulars or demand for discovery, supply specific dates and times with regard to

an alleged offense where it possesses such information. As was stressed in *Gingell* at 368, 455 N.E.2d 1066: ' * * * No door, however remote and uncertain, ought to be closed to an accused engaged in the task of preparing a defense to a criminal charge. Clearly it is wisest to err on the side of openness and disclosure.'

**{¶26}** "The exercise of good faith on the part of the prosecution is essential in maintaining public trust and confidence in the integrity of our criminal justice system. Adherence to the above-stated rule will insure that no constitutional right of an accused to due process or a fair trial will be transgressed.

**{¶27}** "This court would hasten to add that inexactitude, even where the state is simply unable to comply with times and dates more specific than those found in the indictment, *may* also prove fatal to prosecution. Such would be the case if the absence of specifics truly prejudices the accused's ability to fairly defend himself."

**{¶28}** The indictment in this matter alleges Appellant "During the time period between the 1st day of June 2009 and the 1st day of June 2010…" It specifies a one year time period within which Appellant is alleged to have committed the conduct.

**{¶29}** As set forth in *Sellards*, supra, the State must supply specific dates and times where the State possesses said information. However, where [as here] the State acts in good faith, and does not possess the information due to the nature of the conduct and the age of the victim, a trial court does not err in denying the motion. In a case such as this involving a sexual crime committed against a minor, we find one year is not an unreasonable period of time to consider in preparation of a defense where date and time are not an essential element of the offense and the age of the child is not an issue. Id.

{¶30}  The third assignment of error is overruled.

{¶31}  Appellant's convictions in the Fairfield County Court of Common Pleas are affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise _____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT T. HEDGES, JR. | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-CA-39 |

For the reasons stated in our accompanying Opinion, Appellant's convictions in the Fairfield County Court of Common Pleas are affirmed. Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer
HON. SHEILA G. FARMER

s/ John W. Wise
HON. JOHN W. WISE