JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Erica Ray appeals from her conviction on one count of receiving stolen property. Appellant raises two assignments of error for review. For the reasons set forth below, we affirm.
 {¶ 2} On April 16, 2005, the police were called to Beachwood Mall to respond to a report of theft at the Children's Place located within the mall. The report indicated that three individuals were involved in the theft. The report stated that a male was observed running from the store with a Dillard's bag full of store merchandise.
 {¶ 3} An officer of the Beachwood Police Department responded to the call. The officer observed appellant walking toward a red Dodge Neon and then walk around it and away from it. The officer looked into the car and observed a large amount of clothing in the back seat and on the floor of the vehicle. He also saw Dillard's shopping bags in the car. The value of the clothing was later determined to be between $600 and $700.
 {¶ 4} The officer approached appellant when she was about 500 feet away from the car and asked her about the car and the possible theft. Appellant told the officer that she had driven two people to the mall that day. She said she knew them only as TJ and Aylonda. When asked about the theft, she told the officer she had no knowledge of a theft until earlier when a security guard had pulled up and TJ said something like "we are going to jail." Appellant offered to contact Aylonda by cell *Page 4 
phone to try and get her to return to the car. The call was put through on speaker-phone and during the conversation the officer heard a male say that he and Aylonda were at Richmond and Mayfield roads and that he had taken the items and put them in appellant's car.
 {¶ 5} On July 15, 2005, the Cuyahoga County Grand Jury returned a two-count indictment against appellant. She was charged with receiving stolen property in violation of R.C. 2913.51, a felony of the fifth degree, and possessing criminal tools in violation of R.C. 2923.24, a felony of the fifth degree. The indictment incorrectly stated the date of the offense as April 16, 2003. The correct date of the offense was April 16, 2005.
 {¶ 6} Appellant waived a jury trial on November 6, 2006. A bench trial was held. After the state rested, appellant moved for an acquittal under Crim.R. 29. Appellant argued that one of the required elements of the crime was knowledge, and the state failed to prove that she knew that the items were stolen.
 {¶ 7} Additionally, appellant argued that the charges had to be dismissed because the indictment showed that the offense occurred on April 16, 2003 and the state failed to present any evidence of criminal activity on that date. Appellant argued that it would be a violation of her due process rights if she were to be convicted because there was no way the evidence at trial could comport with the evidence that the Grand Jury heard. The state then made an oral motion to amend the indictment to reflect the correct date. *Page 5 
 {¶ 8} The trial court continued the trial for two days to give counsel time to address this issue. After hearing arguments from both sides, the court granted the state's oral motion to amend the indictment and denied appellant's Rule 29 motion. The trial proceeded and after appellant rested, the court announced its verdict, finding appellant guilty of receiving stolen property but not guilty of possessing criminal tools. At sentencing, the court imposed a sentence of a term of community control sanctions consisting of time already served. Appellant was released and not required to report to the probation department.
 {¶ 9} In her first assignment of error, appellant asserts that the evidence was insufficient to support a finding beyond a reasonable doubt that she was guilty of receiving stolen property.
 {¶ 10} Crim.R. 29(A) provides that the trial court shall enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, the test an appellate court must apply when reviewing a challenge based on a denial of a motion for acquittal is the same as in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v.Thompson (1998), 127 Ohio App.3d 511, 525.
 {¶ 11} In reviewing a sufficiency of the evidence claim, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found all the essential elements of the crime proven beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the *Page 6 
syllabus. In reviewing for sufficiency, the court is not to assess whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 12} The elements of receiving stolen property are set out in R.C.2913.51, which provides:
 {¶ 13} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
 {¶ 14} "* * *
 {¶ 15} "(C) * * * If the value of the property involved is five hundred dollars or more and is less than five thousand dollars * * * receiving stolen property is a felony of the fifth degree."
 {¶ 16} Appellant contends that the state failed to provide sufficient evidence that she knew the Children's Place clothing found in the rear seat of her car was obtained through the commission of a theft offense. She argues that the evidence shows only that she walked toward a Dodge Neon, did not know anything was stolen, and fully cooperated with authorities. We disagree.
 {¶ 17} The Beachwood police officer testified that he saw appellant approach the car, walk around it and then walk away from the car and the mall. Appellant had the keys to the car with her and her work identification tag was hanging from the *Page 7 
mirror inside the car. The clothing and Dillard's shopping bags were clearly visible in the back seat and on the floor of the car. Appellant could not produce receipts for the clothing. The officer stated that when he approached appellant, she told him she had driven two people, TJ and Aylonda, to the mall that day. She said she was with TJ when a security guard pulled up and TJ said "we are going to jail." Appellant told the officer that this was the first she knew about TJ having stolen the items.
 {¶ 18} The Children's Place manager testified that he was not working at the Beachwood store on the date of the theft and so he had no personal knowledge of the incident. He identified the almost 70 items of clothing found in appellant's car as belonging to Children's Place. He testified to the value of the items. The value was determined to be more than $500 but less than $1,000.
 {¶ 19} This evidence presented by the state, if believed, is sufficient for a rational factfinder to find beyond a reasonable doubt that appellant received or retained the Children's Place merchandise found in her car with knowledge, or at least a reasonable cause to believe that the items were stolen. Appellant's first assignment of error is overruled.
 {¶ 20} In her second assignment of error, appellant asserts that the trial court erred when it granted the state's oral motion to amend the date of the offense on the indictment. Appellant argues that by permitting the amendment of the indictment, the court allowed appellant to be convicted for a date of offense other than that specified in the indictment. She maintains that amending the date of the indictment *Page 8 
after the state presented its case creates a risk that appellant was convicted of an offense on evidence not presented to the grand jury, in violation of her due process rights.
 {¶ 21} Section 10 of Article I of the Ohio Constitution provides that, "* * * no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury * * *. This provision guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury. Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury." State v. Headley, 6 Ohio St.3d 475, 478-479
(internal citations omitted).
 {¶ 22} The trial court's authority to amend the indictment is found at Crim.R. 7(D) which provides in pertinent part:
 {¶ 23} "The court may at any time before, during, or after a trial amend the indictment * * *, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * * [A]nd no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted." *Page 9 
 {¶ 24} The Ohio Supreme Court has stated, "[o]rdinarily, precise times and dates are not essential elements of offenses. Thus, the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges. A certain degree of inexactitude of averments, where they relate to matters other than elements of the offense, is not per se impermissible or necessarily fatal to a prosecution." State v. Sellards (1985), 17 Ohio St.3d 169, 171. This court has previously found that the amendment of an indictment to correct a typographical error in the date of the offense does not violate a defendant's due process rights. State v. Dietz, Cuyahoga App. No. 81823, 2003-Ohio-3249.
 {¶ 25} The indictment in the instant case lists the date of the offense as April 16, 2003. There is no question that the correct date of the offense for which appellant was convicted is April 16, 2005. The state argued in its oral motion that the difference in date was a result of a typographical error. In support of its assertion that the Grand Jury had before it evidence that the offense was committed on April 16, 2005, not 2003, the state submitted the cover sheet that the Grand Jury attaches to the indictment. The cover sheet showed the date of the offense as April 16, 2005. Additionally, the state provided a Bill of Particulars to appellant six months prior to trial, in which the correct date is shown.
 {¶ 26} Appellant does not allege, and we do not find, that she was prejudiced in her defense due to the typographical error on the face of the indictment. Considering the entire proceedings, we do not find that a failure of justice resulted *Page 10 
from the trial court's amendment of the indictment to correct the date. Appellant's second assignment of error is overruled and the judgment of the trial court affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE
 MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR *Page 1