OPINION
Donald L. Hodge appeals from his convictions and sentences on a charge of attempted illegal use of a minor in a nudity-oriented performance or material, in violation of R.C.2923.02 as it relates to R.C. 2907.323; and on a charge of gross sexual imposition, in violation of R.C. 2907.05.
Mr. Hodge (hereinafter "appellant") has assigned three errors for our consideration:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN PERMITTING THE STATE TO AMEND THE INDICTMENT UNDER CRIMINAL RULE 7(D) TO REFLECT ESSENTIAL FACTS NOT IN THE INDICTMENT PRESENTED TO THE GRAND JURY, OVER THE OBJECTION OF APPELLANT.
ASSIGNMENT OF ERROR NO. 2:
 A TRIAL COURT COMMITS REVERSIBLE ERROR WHEN IT ADMITS EVIDENCE OF OTHER BAD ACTS INTO THE RECORD TO SHOW THAT DEFENDANT ACTED IN CONFORMITY THEREWITH.
ASSIGNMENT OF ERROR NO. 3:
 A TRIAL COURT COMMITS REVERSIBLE ERROR WHEN IT DENIES A CRIMINAL DEFENDANT'S RULE 29 MOTION, BASED UPON FACTS CONSIDERED UNDER CRIMINAL CHARGES THAT HAVE BEEN DISMISSED AGAINST THE DEFENDANT.
All three assignments of error relate to the gross sexual imposition charge.
In the original indictment for gross sexual imposition, appellant was alleged to have had sexual contact with a nine-year-old girl sometime in January or February of 1999. The sexual contact was alleged to have occurred at appellant's residence at 1520 Stonegate South in Columbus, Ohio. A bill of particulars was provided which also indicated that the sexual contact occurred in January or February of 1999.
At the trial of the case, no testimony clearly demonstrated a precise date for the alleged sexual contact. However, the evidence adduced at trial indicated that the contact occurred sometime between August of 1998 and February 28, 1999. As a result, after trial, the prosecution filed a motion requesting that the indictment be amended to reflect the more expansive time frame for the sexual contact. The trial court ultimately granted the amendment of the indictment after trial.
The evidence presented at trial demonstrated that "C.P." was a nine-year-old friend of appellant's daughter, Casey. The two girls considered each other good friends, so C.P. slept over at Casey's house on several occasions between August of 1998 and late February of 1999. In March of 1999, C.P. became hysterical when told that appellant was going to pick her up to take her to school. When C.P. was asked why she was so upset, she said she was tired of appellant kissing her on the mouth. She later gave a much more detailed account of what she said had occurred, including an allegation that appellant drugged her and either raped her or attempted to rape her.
As a result of the child's allegation and the execution of a search warrant, appellant was charged with a variety of offenses. He was acquitted at trial of rape, kidnapping and one of the counts of gross sexual imposition originally lodged against him. The jury returned a guilty verdict as to the remaining gross sexual imposition charge.
C.P.'s testimony at trial was extremely limited in substance. Her earlier allegation of rape or attempted rape was not repeated. Her testimony did indicate that appellant had touched her private parts with his private parts at some undesignated time while she was visiting his residence. Her testimony did not support an allegation that on a separate occasion he fondled her while on the couch in the living room. C.P.'s testimony was also very vague, despite efforts of the assistant prosecuting attorney to elicit statements under oath which were in accord with statements she had previously made.
The prosecution clearly expected more detailed and precise testimony from C.P. The prosecution also expected testimony regarding more than a single event involving sexual contact and/or sexual conduct. What the state procured by way of actual testimony was an allegation that sometime during a period of approximately six months, appellant rubbed his private parts against the private parts of C.P. The rubbing incident allegedly occurred in the kitchen ("I think the kitchen") of appellant's residence at a time when both C.P. and appellant were fully clothed and both were standing. (Tr. 63-64.) She alleged she was bending backward. The contact lasted "[n]ot very long." Id. at 65.
C.P. also alleged that appellant had kissed her on the mouth repeatedly and had her get under the covers with him while he was lying on a couch. She could not remember if any part of his body touched her body, and she specifically could not remember any private areas having been touched.
Turning to the assignments of error, appellant contends in his first assignment of error that the trial court erred in allowing the indictment to be amended after the trial had been completed.
Crim.R. 7(D) reads:
 The trial court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this division, jeopardy shall not attach to the offense charged in the amended indictment, information, or complaint. No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefore is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted.
Crim.R. 7(D) operates in concert with Crim.R. 7(E), which reads:
 When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charged and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires.
The leading case on the duty of the prosecution in cases such as the one before us is State v. Sellards (1985), 17 Ohio St.3d 169
. The syllabus of Sellards reads:
 In a criminal prosecution the state must, in response to a request for a bill of particulars or demand for discovery, supply specific dates and times with regard to an alleged offense where it possesses such information. * * * [Citation omitted; emphasis added.]
Nothing in the record before us indicates that the prosecution concealed information it possessed regarding the sexual contact alleged to have happened in the kitchen. We cannot find a violation of the requirements of Sellards given the facts before us. Appellant has not demonstrated, nor does our independent review of the record support, a finding of prejudice based upon the expansion of the time frame set forth in the indictment from two to six months.
This case is analogous to State v. Koelling (Mar. 21, 1995), Franklin App. No. 94APA06-866, unreported. In Koelling, this court, applying Crim.R. 7(D) and Sellards, supra, stated:
 The purpose of an indictment is to compel the government to aver all material facts constituting the essential elements of an offense, thereby affording the accused adequate notice and an opportunity to defend. State v. Sellards (1985), 17 Ohio St.3d 169 * * *. Ordinarily, the precise time and date of an offense are not essential elements of an offense; the failure to provide specific times and dates in the indictment is not, in and of itself, a basis for dismissal of the charges. Id. at 172. It is well-stated that, particularly in cases involving sexual misconduct with a child, the precise times and dates of the alleged offense or offenses oftentimes cannot be determined with specificity. State v. Barnecut (1988), 44 Ohio App.3d 149 * * *. Furthermore, although the state is required to supply specific dates and times regarding an alleged offense where it possesses such information, the inability to produce such specific information is without prejudice or constitutional consequence provided that failure to prove times and dates does not present a material detriment to the preparation of the defense. Id.
 Furthermore, if there occurs a variance between the dates alleged in the indictment and the evidence adduced at trial, the state or the trial court may amend the indictment to conform to the evidence offered in the state's case in chief.
* * *
 Therefore, under [Crim.R. 7(D)], even though an amendment after trial is allowed, the trial court would be required to order a new trial (if defendant so moved) only if a variance in proof misled or prejudiced the defendant. On the other hand, the trial court is not required to order a new trial if the variance in proof does not mislead or prejudice the defendant.
Appellant did not testify at trial. His defense strategy was based upon challenging the victim's credibility and suggesting that the child's mother might have induced her to fabricate the allegations against him. Appellant did not present an alibi defense and has not sufficiently shown that he would have altered in any way his trial strategy with knowledge that the time frame in question had changed. Without a more explicit demonstration of prejudice to appellant, we are unable to distinguish Koelling and are compelled to follow it.
The first assignment of error is overruled.
The "other acts" testimony about which Mr. Hodge complains in the second assignment of error is testimony primarily presented to support charges for which Mr. Hodge was acquitted rape, kidnapping and one gross sexual imposition charge. After the jury retired to deliberate, it inquired as to whether testimony regarding the lying on the couch could still be considered. The trial judge responded "* * * you may consider all the evidence relevant to the charges [sic] you are to resolve." (Tr. 226.)
The trial court was correct to allow the testimony to be considered. C.P.'s testimony was so vague that a question existed as to whether appellant inadvertently rubbed himself against her while they were both in the kitchen. Part of the proof of gross sexual imposition is proof that the genital contact is done for the purpose of sexually arousing one or both of the participants. In the words of R.C. 2907.01(B):
 "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
Thus, the state had the burden of showing that the physical contact was not inadvertent but for the purpose of arousal. The encounter on the couch, with its mouth-to-mouth kissing, was relevant evidence for the jury's consideration on this issue.
Appellant has not demonstrated unfair prejudice in the admission of the other events as evidence to demonstrate that he was sexually interested in C.P. The trial court acted well within its discretion in concluding that Evid.R. 403 did not mandate exclusion of the evidence.
The second assignment of error is overruled.
In the third assignment of error, appellant challenges the failure of the trial court to sustain his Crim.R. 29 motion, allegedly based upon improper consideration of the criminal charges for which the trial court had entered judgments of acquittal.
Crim.R. 29(A) reads:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
Crim.R. 29 motions for judgment of acquittal require the trial court to consider the sufficiency of the evidence presented in support of the criminal charge. The trial judge here found the evidence sufficient to sustain appellant's conviction. Based upon our careful review of the record, the trial judge acted properly in so finding. Furthermore, as elaborated upon in our discussion of the second assignment of error, the trial court could consider the evidence presented in regard to the couch incident for the reasons elaborated in our discussion of the second assignment of error.
As a result, we overrule the third assignment of error.
All three assignments of error having been overruled, the judgment of the trial court is affirmed.
 Judgment affirmed.
_______________ TYACK, J.
PETREE and BRYANT, JJ., concur.