OPINION
{¶ 1} Defendant-Appellant, Kevin Fink, appeals the decision of the Butler County Area III Court convicting him of two counts of criminal child enticement. We affirm the trial court's decision.
 {¶ 2} On April 9, 2005, appellant approached two ten-year-old girls, K.B. and N.R., walking in the Monroe Meadows subdivision. Appellant was carrying a beer bottle and asked the girls if they would accompany him into the woods to drink with him. The girls were frightened and immediately ran back to K.B.'s house in the subdivision.
 {¶ 3} A few weeks later N.R.'s mother showed her a photo of appellant on the Butler County Sexual Offender website as a warning for her to stay away from him because he lives in their neighborhood.[1] N.R. immediately recognized appellant and told her mother that the man in the photo had approached her and K.B. a few weeks earlier asking if they wanted to drink with him in the woods. The mother immediately informed K.B.'s father of the encounter, which K.B. confirmed when she was shown the photo.
 {¶ 4} On April 19, 2005, the parents of both girls contacted the Monroe Police Department about the incident. The police department conducted an investigation and determined the incident took place sometime during the weekend of April 9 and 10, 2005. On April 21, 2005, Appellant was arrested and charged with two counts of criminal child enticement, a first degree misdemeanor. Appellant's trial counsel did not request a bill of particulars nor did he file a notice of alibi.
 {¶ 5} Appellant entered a plea of not guilty and a bench trial was held on July 19, 2005. The girls testified about the encounter. Their parents then testified about their discovery of appellant and the incident. At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29 on the grounds that the testimony presented by the state demonstrated that the incident may have occurred in March rather than the April 9 date stated in the complaints. The trial court denied the motion and the trial continued based on the date alleged. Even without a notice of alibi, appellant was allowed to present alibi evidence at trial. Appellant's father testified that appellant was with him almost the entire weekend with the exception of a few hours on April 9 when appellant left to have lunch with a friend. Appellant took the stand on his own behalf, claiming he did not solicit the minors that weekend and that he had never seen the girls before that day at the trial.
 {¶ 6} At the conclusion of the trial, the court found appellant guilty on both counts of child enticement in violation of R.C. 2905.05, sentenced him to two consecutive terms of 180 days in jail, and adjudicated appellant as a child victim predator pursuant to R.C. 2950.01. Appellant timely appealed, raising a single assignment of error.
 {¶ 7} Assignment of Error:
 {¶ 8} "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE TO DEFENDANT-APPELLANT AND DENIED DEFENDANT-APPELLANT A FAIR TRIAL THROUGH COUNSEL'S FAILURE TO REQUEST A BILL OF PARTICULARS AND FILE A NOTICE OF ALIBI."
 {¶ 9} Appellant argues that he received ineffective assistance of counsel because trial counsel failed to request a bill of particulars and file a notice of alibi. Specifically, appellant argues that if trial counsel would have requested a bill of particulars, it would have compelled the state to set out with specificity the date and time of the alleged wrongdoing. Additionally, appellant states trial counsel was also ineffective because he failed to file a notice of alibi and as a result the court did not consider any alibi testimony.
 {¶ 10} To determine whether counsel's performance constitutes ineffective assistance, appellant must show that the representation was deficient and appellant was prejudiced as a result. Strickland v. Washington (1984), 466 U.S. 668, 687-88,693, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 142. Appellant must first show that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. To warrant reversal, appellant must then demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and as a result "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.
 {¶ 11} Appellant first argues that trial counsel was ineffective for failing to file a notice of alibi and, as a result, the court did not consider the alibi testimony. This contention is without merit. Failure to file a notice of alibi is not prejudicial when the appellant is still given the opportunity to present an alibi at trial. State v. Grant, Butler App. No. CA2003-05-114, 2004-Ohio-2810. Even though counsel did not file a notice of alibi, the trial judge clearly permitted appellant to submit alibi evidence of his whereabouts on the weekend in question. Secondly, the prosecutor asserted at trial that he had no problem with appellant presenting the alibi testimony and made no objection when it was presented. There is nothing in the record to show that the alibi testimony was not considered or was ignored by the court in rendering its decision. As a result, we find that appellant has failed to demonstrate that he was prejudiced by counsel's failure to file a notice of alibi.
 {¶ 12} In addition, appellant argues that he received ineffective assistance because trial counsel did not request a bill of particulars. He further argues that if counsel had made the request, it would have required the state to set a specific date and time of the incident. Appellant's counsel argued at trial that the victims' testimony during the state's case-in-chief tended to show that the encounter may have occurred during March rather than April. At trial, the victims were asked how much time elapsed between their parents showing them appellant's picture and the incident. According to the date in the complaint, it was a ten or 11 day period. However, K.B. responded the incident occurred about three weeks prior and N.R. stated it was two or three weeks.
 {¶ 13} Appellant argues that as a result, counsel was forced to defend appellant and present alibi evidence for a large window of time, not just the dates specified in the complaints. Appellant claims that not only were the dates included in the complaints at issue, but several other weeks were also in question at trial. Appellant states that by requesting a bill of particulars, the prosecution would be compelled to state a more exact date on which the event occurred.
 {¶ 14} This argument is also unpersuasive. The complaints were clear and unambiguous regarding the date of the alleged offense. The complaints stated the act took place "on or about April 9, 2005." Additionally, the state limited its case to the weekend alleged in the complaints, not a different weekend in March.
 {¶ 15} Appellant contends the victims' testimony implied that the event occurred some time in March and the defense was prejudiced because the complaints stated only April 9. As a result counsel believed that many weeks of appellant's conduct were at issue. However, it is well settled that child victim cases present unique challenges because the victims may not remember exact dates and times. State v. Mundy (1994),99 Ohio App.3d 275, 296, citing State v. Sellards (1985),17 Ohio St.3d 169. Due to these challenges, some latitude is given to child victims for the recollection of specific dates. Id. In this case, the actual difference in time between the incident and the children identifying appellant was ten or 11 days. The victims stated there was a 14 to 21 day time differential; well within the reasonable realm for a ten-year-old child's memory.
 {¶ 16} We find that trial counsel was not ineffective by failing to request a bill of particulars. Moreover, appellant fails to demonstrate that he was prejudiced by counsel's failure to obtain the bill of particulars. The case proceeded based solely on the dates in the complaint, not a different weekend in March. If trial counsel would have made the request before trial, the bill would have added no additional information. State v.Butcher, Ashtabula App. No. 2002-A-0059, 2003-Ohio-5537, ¶ 23. Counsel had the specific information about the incident from the complaints. There is nothing in the record that suggests the prosecutor knew of any other dates for the crimes, nor that the trier of fact considered any dates other than April 9, 2005. Appellant was given the opportunity to present evidence as to his whereabouts on that weekend. In addition, appellant denied ever talking to the victims. The court still found him guilty based on the evidence. As a result, we find no error.
 {¶ 17} Appellant also notes that trial counsel stated during the trial that he was deficient for failing to file a notice of alibi and request a bill of particulars. Appellant further argues that this statement rebuts the presumption that counsel's performance was reasonable. An admission by counsel of deficiency may show counsel fell below the objective standard of reasonableness, but appellant must still show that he was prejudiced as a result. State v. Landingham, Lucas App. No. L-03-1339, 2005-Ohio-1216. Counsel's admission may rebut the presumption of reasonableness in this case, but appellant has not shown that the outcome would have been different. As discussed above, a bill of particulars would not have provided any additional information and appellant was allowed to introduce alibi testimony even without filing a notice before trial. We find that appellant has failed to show that the result of the proceeding would have been different without counsel's omissions.
 {¶ 18} Based on the foregoing reasons, appellant's assignment of error is overruled.
 {¶ 19} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] Appellant had previously been adjudicated as a sexually oriented offender for importuning in violation of R.C. 2907.07
that required him to register on the Butler County Sexual Offender website.