[Cite as *In re T.K.*, 2011-Ohio-5024.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

|  |  |
|---|---|
| : | |
| : | C.A. CASE NO. 24613 |
| IN RE:  T.K. | T.C. CASE NOS. 2010-9566-01 |
| : | 2010-9566-02 |
|  | 2010-9566-03 |
| : | |
| : | (Criminal Appeal From Juvenile Court) |

. . . . . . . . .

**O P I N I O N**

Rendered on the 30th day of September, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Prosecuting Attorney, Johnna M. Shia, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, OH 45422
    Attorneys for Plaintiff-Appellee

Mark T. Ross, Atty. Reg. No. 0070446, 137 N. Main Street, Suite 516, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

Defendant, T.K., a minor child, appeals from an order of the juvenile court adjudicating him a delinquent child.

On the evening of July 5 and the morning of July 6, 2010, T.K., who was twelve years old at the time, was visiting at his

father's home. T.K.'s half-brother, who was five years old, also lived at his father's home. At some point during the morning of July 6th, the mother of T.K.'s half-brother walked into T.K.'s room and saw T.K. sitting in a chair with his half-brother on top of him. According to the mother, both children were naked and T.K. was rocking his half-brother in a "humping" motion. The police were called.

On August 13, 2010, Detective Todd Comer of the Miami Township Police Department interviewed T.K. During the interview, T.K. admitted that three times in the past year he had touched his half-brother's penis with his hand and one time he had put his mouth on his half-brother's penis.

On November 2, 2010, T.K. was charged by complaint in juvenile court with two counts of gross sexual imposition in violation of R.C. 2907.05(A)(2), a third degree felony if committed by an adult, and one count of rape in violation of R.C. 2907.02(A)(1)(b), a first degree felony if committed as an adult. T.K. filed a motion to suppress statements he made during his interview with Detective Comer. The juvenile court denied T.K.'s motion.

On February 18, 2011, an adjudication hearing was held and the juvenile court found T.K. responsible for committing one count of gross sexual imposition and one count of rape, as charged in the complaint. The juvenile court dismissed the second count of

gross sexual imposition. On March 30, 2011, the juvenile court ordered T.K. committed to the legal custody of the Department of Youth Services for institutionalization in a secured facility for a minimum period of twelve months on the count of rape and a minimum period of six months on the count of gross sexual imposition. The juvenile court suspended that commitment and placed T.K. on probation. T.K. filed a timely notice of appeal.

## FIRST ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN FINDING APPELLANT RESPONSIBLE FOR GROSS SEXUAL IMPOSITION IN VIOLATION OF R.C. 2907.05(A)(2)."

R.C. 2907.05(A) provides, in part:

"No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

"(1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.

"(2) For the purpose of preventing resistance, the offender substantially impairs the judgment or control of the other person or of one of the other persons by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception."

T.K. was found responsible for committing gross sexual imposition in violation of R.C. 2907.05(A)(2). T.K. argues that the juvenile court erred in finding that he committed that violation because there was no evidence of him "administering any drug, intoxicant, or controlled substance" to his half-brother. We agree.

The plain language of R.C. 2907.05(A)(2) provides that in order to be found responsible for committing gross sexual imposition under that section, the evidence must demonstrate that the accused purposely prevented resistance on the part of the victim by substantially impairing the judgment or control of the victim through the administration of a drug, intoxicant, or controlled substance. Further, the drug, intoxicant, or controlled substance must be administered in two alternative ways: surreptitiously, or by force, threat of force, or deception. The words "surreptitiously" and "by force, threat of force, or deception" describe the alternative means by which the defendant administers the drug, intoxicant, or controlled substance, not the means by which the defendant substantially impairs the judgment or control of the victim. Consequently, the absence of a drug, intoxicant, or controlled substance necessarily precludes a finding of gross sexual imposition in violation of R.C. 2907.05(A)(2).

The juvenile court interpreted R.C. 2907.05(A)(2) to allow

the State to prove gross sexual imposition in one of two alternative ways: (1) by proving that the defendant substantially impaired the judgment of his victim by surreptitiously administering any drug, intoxicant, or controlled substance to the victim; or (2) by proving that the defendant substantially impaired the judgment of his victim by using force, threat of force, or deception. The adjudication of T.K.'s delinquency was based on the second alternative.

The juvenile court's interpretation of R.C. 2907.05(A)(2) reads out of that section the requirement that the defendant administer a drug, intoxicant, or controlled substance to the victim. The effect of this broad interpretation of (A)(2) would mean that conduct prohibited by R.C. 2907.05(A)(1) would also be prohibited by R.C. 2907.05(A)(2), essentially rendering the (A)(1) prohibition superfluous. Had the legislature intended such a result, it would have drafted the statute differently.

Our reading of the statute is consistent with how courts have interpreted identical language in R.C. 2907.02(A)(1)(a). That section, which defines and prohibits the offense of rape, provides:

"(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

"(a) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception."

As the Eighth District has explained: "Thus, in order to establish rape pursuant to this division, the offender must administer a drug or intoxicant to the victim surreptitiously, by force, threat of force or deception which substantially impairs the victim's judgment or control." *State v. Vlahopoulos* (Aug. 30, 2001), Cuyahoga App. No. 78206, citing *State v. Morris* (March 9, 2001), Montgomery App. No. 18321.

It is undisputed that there is no evidence in the record that T.K. substantially impaired the judgment of his half-brother by administering any drug, intoxicant, or controlled substance, whether surreptitiously or by force, threat of force, or deception. Consequently, the juvenile court erred in finding T.K. responsible for gross sexual imposition in violation of R.C. 2907.05(A)(2).

The first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN FINDING APPELLANT RESPONSIBLE FOR RAPE IN VIOLATION OF R.C. 2907.02(A)(1)(b)."

R.C. 2907.02(A)(1)(b) provides:

"(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

"* * *

"(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."

R.C. 2907.01(A) provides that:

"'Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

Detective Comer testified that in his interview of T.K. on August 13, 2010, T.K. "indicated that . . . within the past year that he had put his mouth on [his half-brother's] penis one time." (Tr. 31.) T.K. does not argue that such conduct fails to prove fellatio, a form of sexual conduct in violation of R.C. 2907.02(A)(1)(b). Rather, T.K. argues that the State's evidence fails to prove that the rape offense occurred "on or about July 6, 2010," the date alleged in the complaint.

The State relies on *State v. Sellards* (1985), 17 Ohio St.3d 169, and other cases that have approved the use of a range between two dates in charging a sexual offense against young children. We believe the principle those cases stand for is not implicated because the complaint instead alleged a specific date, "on or about July 6, 2010."

We agree that the evidence is sketchy. However, we also believe that, on both the sufficiency of the evidence and manifest weight of the evidence standards, *State v. Tompkins*, 79 Ohio St.3d 380, 1997-Ohio-52, no error is demonstrated.

Defendant's admission demonstrates that the rape occurred during the year prior to August 13, 2010, and July 10, 2010 is within that period. The victim's testimony demonstrates that the offense occurred at the victim's house, on the last time the victim had seen T.K., and that it occurred in the victim's room. (Tr. 11.) The victim also testified that it was "warm" on the day the offense occurred. (Id., at 8). July is a warm-weather month. The victim's mother, T.K.'s step-mother, testified that she discovered the victim and T.K. together in the victim's room, naked and in a sexual embrace, on the morning of July 6, 2010. (Id., at 19, 21.) From the totality of the evidence, the trial court inferred that the rape offense occurred as charged on or about July 6, 2010. (Id. at 48.)

As the trier of fact, the court was entitled to make reasonable inferences from the evidence presented. T.K. argues that the inference the court made was not reasonable because there is no direct evidence that July 6, 2010 was the last date the victim saw T.K. He also points out that the victim testified that both boys slept in the same bedroom the night before, while the victim's mother testified that the victim slept in his parents' bedroom, and that she discovered the victim with T.K. when she went to T.K's bedroom.

The lack of direct evidence of the date on which the rape offense occurred is not fatal. Direct and circumstantial evidence have like probative values. *State v. Jenks* (1991), 61 Ohio St.3d 259. The particular probative value of circumstantial evidence depends on the reasonableness of the inference involved. The evidence reasonably supports an inference that the rape occurred on the same date the victim's mother found the child and T.K. together. At least, as the trier of fact, the juvenile court could so find.

The variance between the victim's testimony and his mother's concerning where the victim slept the night before does not portray an abuse of discretion on the part of the juvenile court. The court heard both witnesses. The decision whether and to what extent to credit the testimony of either is within the discretion

of the trial court. *State v. Lawson* (Aug. 22, 1997), Montgomery App. NO. 16288. The court could reconcile any conflict in their testimonies, so long as the conflict does not render the court's finding unreasonable. The court could conclude that the victim was mistaken about where he slept the night before, yet find that, as the victim testified, the act of fellatio occurred in T.K.'s room when the two were there together. Combined with the testimony of the victim's mother, that permits a finding that the rape occurred "on or about July 6, 2010," as charged.

The second assignment of error is overruled.

Having sustained the first assignment of error, we will reverse and vacate the juvenile court's adjudication and order of commitment relating to the gross sexual imposition offense. The final order from which the appeal is taken will otherwise be affirmed.

FAIN, J. and FROELICH, J. concur.

Copies mailed to:

Johnna M. Shia, Esq.
Mark T. Ross, Esq.
Hon. Anthony Capizzi