[Cite as *State v. Hoyt*, 2016-Ohio-642.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-10-089 |
| | : | O P I N I O N |
| - vs - | | 2/22/2016 |
| | : | |
| PAMELA L. HOYT, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MASON MUNICIPAL COURT
Case No. 15 TRD 01994

Bethany S. Bennett, Mason City Prosecutor, 5950 Mason Montgomery Road, Mason, Ohio 45040, for plaintiff-appellee

Whitaker Attorneys, LLC, James A. Whitaker, Jr., 226 Reading Road, Mason, Ohio 45040, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Pamela Hoyt, appeals her conviction in the Mason Municipal Court for passing a stopped school bus.[1]

{¶ 2} On the day in question, a school bus driver was preparing to let a student

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

depart the bus, and had activated the bus's flashing emergency warning lights indicating that the bus was about to stop. The bus driver stopped the bus, extended the stop sign, and waited for the student to get off of the bus. During this time, two red lights flashed on the bus's stop sign. While the lights and stop sign were deployed, and before the child had disembarked from the bus, a car driven by Hoyt passed the bus on the left-side of a two-lane road.

{¶ 3} As the car passed on the left, the bus driver told the departing student to stop and not get off of the bus. After checking to ensure that the stop sign was still deployed, the bus driver recorded the car's license plate number and a brief description of the car that he had observed passing on the left. The bus driver then informed school transportation dispatch of the incident, and later filled out an incident form to describe what had occurred. This information was given to the highway patrol, and a trooper later questioned Hoyt during his investigation of the incident.

{¶ 4} Hoyt admitted to the trooper that she owned and drove the car with the license plate number recorded by the bus driver, and that on the day in question, she was driving with her son. Hoyt told the trooper that she remembered passing the bus, but stated that the bus did not have its lights or sign deployed until after she passed the bus. Hoyt also told the trooper that the school bus driver honked his horn at her when she passed him. The trooper issued a citation for passing the bus, and Hoyt appeared in court to challenge the citation.

{¶ 5} During a hearing in front of a magistrate, the bus driver and trooper appeared on behalf of the state, and Hoyt proceeded pro se. Hoyt testified on her own behalf, and also called her son as a witness. The magistrate found Hoyt guilty. Hoyt filed objections to the magistrate's decision, which were overruled by the municipal court. Hoyt now appeals her conviction, raising the following assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY OF VIOLATING O.R.C. 4511.75 WHEN THE EVIDENCE WAS INSUFFICIENT TO PROVE HER GUILTY BEYOND A REASONABLE DOUBT, AS THE DEFENDANT WAS FOUND GUILTY OF AN OFFENSE ON MARCH 28, 2015 AT 8:28 A.M. AND THE BUS DRIVER REPORT STATED MARCH 27, 2015 AT 3:30 P.M.

{¶ 8} Hoyt essentially argues that her conviction is not supported by sufficient evidence.

{¶ 9} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Crockett*, 12th Dist. Fayette No. CA2014-08-018, 2015-Ohio-1765, ¶ 18.

{¶ 10} According to R.C. 4511.75(A),

> The driver of a vehicle * * * upon meeting or overtaking from either direction any school bus stopped for the purpose of receiving or discharging any school child * * * shall stop at least ten feet from the front or rear of the school bus and shall not proceed until such school bus resumes motion, or until signaled by the school bus driver to proceed.
>
> It is no defense to a charge under this division that the school bus involved failed to display or be equipped with an automatically extended stop warning sign as required by division (B) of this section.

{¶ 11} During the hearing, the bus driver testified that he was stopped for the purpose of discharging a student when Hoyt passed him on the left side of the two lane road. The bus driver testified that his warning lights and stop sign were deployed, that the bus was stopped in order to let the child get off of the bus, and that while stopped, Hoyt passed him

without stopping.

{¶ 12} Hoyt testified at the hearing, and admitted that the school bus was fully stopped, and that she passed the school bus on the left by going into the other lane of traffic. Hoyt testified that she felt she had the right of way to pass the bus because she did not see any lights or stop signs deployed by the bus. However, and even if that were true, the statute specifically provides no defense to the charge if the bus failed to execute its sign or warning lights. The fact that the bus was stopped, as fully admitted by Hoyt, demonstrates that Hoyt had a legal obligation to stop until the bus resumed motion, or until signaled by the school bus driver to proceed. Neither occurred, and Hoyt's failure to stop and her passing the bus offer sufficient evidence to support her conviction.

{¶ 13} Hoyt also argues that inconsistencies exist in the written complaint and incident report, which indicate that the bus driver lacked personal knowledge of the incident and had no recollection of what occurred. Despite the different time and dates included on the paperwork, the magistrate heard the testimony of each witness and could determine whether the bus driver's recollection of the event was accurate and credible. Moreover, the magistrate heard the testimony of the trooper, who stated that Hoyt never denied that she passed the bus, and never denied that she owns and operates the car that passed the bus on the day of the incident.

{¶ 14} Hoyt testified that she passed the bus, acknowledged that the bus was stopped at the time she passed it, and never indicated that the facts and circumstances she described occurred on any day other than that described in the bus driver's incident report or the citation issued by the trooper. In fact, one of the first questions Hoyt asked of the bus driver on cross-examination was why he beeped at her on the day of the incident. The bus driver answered that he had honked in order to notify her that she had passed when his lights and stop sign were deployed. Hoyt also asked the bus driver why his bus was stopped for "such

a long period of time," to which the bus driver explained that he had stopped to check his mirrors, then waited while the student came from the back of the bus to the front in order to disembark. These questions and answers demonstrate that Hoyt and the bus driver were most assuredly discussing the same incident which occurred on the same day, at the same time, and that both were referring to a single occurrence.

{¶ 15} Despite her argument on appeal that she and the bus driver could have been talking about different incidents given the different days listed on the paperwork, Hoyt's account of the incident was the same as the bus driver's regarding the day in question, and there was no confusion by either party as to what constituted Hoyt's passing of the bus that led to the complaint.

{¶ 16} The exact time and date are not elements necessary in order to prove the offense. *See State v. Sellards*, 17 Ohio St.3d 169, 171 (1985) ("the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges" because "a certain degree of inexactitude of averments, where they relate to matters other than the elements of the offense, is not per se impermissible or necessarily fatal to a prosecution"). Even so, the trier of fact determines what weight or effect inconsistencies have upon the ultimate determination of guilt or innocence. *See State v. Hernandez-Martinez*, 12th Dist. Butler No. CA2011-04-068, 2012-Ohio-3754, ¶ 36 (a defendant is not entitled to a reversal simply because there was inconsistent evidence presented at trial because the trier of fact is permitted to judge the credibility and weight of evidence). Thus, the inconsistencies did not render the conviction unsupported by sufficient evidence. Instead, and after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. As such, Hoyt's conviction is supported by sufficient evidence, and her first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE SCHOOL BUS DRIVER AND THE LAW ENFORCEMENT OPERATOR BOTH IDENTIFY THE OPERATOR AS OUTLINED IN OHIO REVISED CODE 4511.751. [SIC]

{¶ 19} Hoyt argues in her second assignment of error that her identity was never confirmed by the bus driver or trooper as the operator of the vehicle that passed the school bus.

{¶ 20} According to R.C. 4511.751, when a school bus driver believes that a motorist has failed to stop in violation of R.C. 4511.75, "the operator shall report the license plate number and a general description of the vehicle and of the operator of the vehicle to the law enforcement agency exercising jurisdiction over the area where the alleged violation occurred." Once law enforcement obtains the report of an alleged violation, they are required by statute to "conduct an investigation to attempt to determine or confirm the identity of the operator of the vehicle at the time of the alleged violation." R.C. 4511.751. If the identity of the operator is established, the statute provides that "the reporting of the license plate number of the vehicle shall establish probable cause for the law enforcement agency to issue a citation for the violation * * *." *Id.* If the identity of the operator of the vehicle at the time of the alleged violation cannot be established, law enforcement is to issue a warning. *Id.*

{¶ 21} Hoyt argues that she was never identified as the driver of the car that passed the bus so that she should have been given a warning, not a citation. During the hearing, the bus driver indicated that he did not observe the driver given how quickly the car passed on the left. Even so, the record clearly indicates that Hoyt never contended that she was not the driver on the day of the incident, and that her identify was, in fact, established through the trooper's investigation.

{¶ 22} The investigation, including the license plate number and description of the car,

led the trooper to specifically question Hoyt about the incident. Hoyt never denied that it was her car seen passing the bus, that she was the driver of the car, or that she passed the stopped bus that day. During the trooper's testimony, he specifically confirmed that Hoyt admitted that she "was driving the car" and that "she told me she passed the bus and she did not see any lights and the bus driver honked at her." This testimony demonstrates that Hoyt was unequivocally identified as the driver. As such, the statutory requirement that the identity of the operator be established was fulfilled. Along with the bus driver's reporting of the license plate number, the trooper had probable cause to issue the citation after he investigated the matter. As such, Hoyt's second assignment of error is overruled.

{¶ 23} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.