[Cite as *State v. Brooks*, 2020-Ohio-6648.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-19-077

      Appellee                                 Trial Court No. 2019CR0045

v.

Brian K. Brooks                                  **DECISION AND JUDGMENT**

      Appellant                                Decided:  December 11, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Brian Brooks, appeals the judgment of the Wood County Court of

Common Pleas, following a jury trial, convicting him of one count of having a weapon

under a disability.  For the reasons that follow, we affirm.

{¶ 2} On appeal, appellant asserts the following assignments of error:

Assignment of Error I: Mr. Brooks' conviction was not supported by sufficient evidence and was against the manifest weight of that evidence.

Assignment of Error II: The Trial Court erred by not granting the defendant's motion for acquittal under Criminal Rule 29.

{¶ 3} The Wood County Grand Jury indicted appellant on a single count of having a weapon under disability in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree. The indictment described that the offense took place on or around April 13, 2018.

{¶ 4} Appellant entered a plea of not guilty, and the matter proceeded to a jury trial along with appellant's co-defendant, Elizabeth Johns.[1] Johns was also indicted on a single count of having a weapon under disability based on the theory that she was complicit in appellant's possession of the gun. The trial revealed the following pertinent information.

{¶ 5} Between April 8 and April 18, 2018, appellant was in jail at the Corrections Center of Northwest Ohio, in Williams County, Ohio. The state did not directly present why appellant was in jail, but phone conversations with Johns revealed that he was in the process of serving a 30-day jail sentence for a marijuana related offense. Appellant also had pending charges of driving under a suspended license.

---

[1] Johns' appeal is before this court in case No. WD-19-081.

2.

{¶ 6} Three of the phone calls between appellant and Johns were played for the jury. From the phone conversations, it is apparent that appellant and Johns were in a relationship. In one of the calls, Johns indicated that she does not feel safe in her house, which is located in Wood County, Ohio. In response, appellant informed her that there is something in his book bag in her house, and that item is something that he normally kept in his safe, also in her house. In a subsequent call, appellant gave Johns the code for the safe, and asked her to put his "strap" in there. Testimony at trial revealed that the word "strap" often refers to a handgun. Johns responded that the gun was already upstairs. Appellant stated that she must have gotten it out of his book bag and carried it upstairs. He then jokingly asked Johns if she shot anybody. Johns indicated that she had not shot it because it jams, and that she does not feel comfortable shooting it outside like appellant does. Notably, appellant stipulated at trial that, at all relevant times, he was under a disability and was prohibited from possessing a firearm.

{¶ 7} On April 13, 2018, after the three phone calls had been made, the police executed a search warrant at Johns' residence. During the search, the police found a loaded and operational .45 caliber semi-automatic handgun on the bedroom nightstand. Nearby was a safe, which the police were able to open using the combination that appellant gave over the phone to Johns. The police also found a book bag. A fourth phone call between appellant and Johns was played for the jury in which appellant and Johns discussed the police's search of the house.

3.

{¶ 8} After the presentation of the evidence, appellant moved for an acquittal pursuant to Crim.R. 29, on the basis that the state failed to prove that he possessed the gun. The trial court denied appellant's motion. The jury then returned with a verdict of guilty. At sentencing, the trial court ordered appellant to serve a 36-month prison term.

{¶ 9} In his first and second assignments of error, appellant argues that his conviction was based on insufficient evidence, and that the trial court erroneously denied his Crim.R. 29 motion for acquittal, respectively. Because appellant's arguments present the same legal question, we will address them together. *See State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37 ("A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence.").

{¶ 10} In reviewing a record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 11} Here, appellant was convicted of possessing a weapon under disability in violation of R.C. 2923.13(A)(2), which provides, "Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply: * * * (2) The person is under indictment for or has been convicted of any felony offense of violence." Because

4.

appellant stipulated to the disability, the only issue before us is whether appellant knowingly, acquired, had, carried, or used the gun. Narrowing the issue further, the relevant question is whether appellant "had" the gun while he was in jail and the gun was with his girlfriend.

{¶ 12} "In order to 'have' a firearm within the meaning of R.C. 2923.13, a person must actually or constructively possess it." *State v. Jones*, 6th Dist. Lucas Nos. L-00-1231, L-00-1232, L-00-1233, 2003-Ohio-219, ¶ 97, citing *State v. Hardy*, 60 Ohio App.2d 325, 327, 397 N.E.2d 773 (8th Dist.1978). "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976).

{¶ 13} Appellant argues that no there was no evidence that he could make Johns, or anyone else, do anything with the firearm while he was in prison. Further, he argues that there is no evidence that appellant lives at the residence with Johns, nor is there evidence showing the last time that appellant was even at Johns' residence. Finally, appellant argues that the gun that was found during the search did not have appellant's DNA or fingerprints on it, and the phone calls between Johns and appellant did not describe the gun. Thus, appellant concludes that the evidence is insufficient to prove that he possessed a gun while he was in jail.

{¶ 14} We disagree. The evidence shows that appellant told Johns about the gun in his backpack after Johns said that she did not feel safe in the residence. Appellant later

5.

asked Johns to put his gun in his safe, and gave her the combination. Johns and appellant also discussed the gun, and discussed how Johns does not want to shoot it outside like appellant does. Notably, the phone conversations give no indication that Johns was attempting to exercise control over the gun to the exclusion of appellant. To the contrary, the phone conversations reveal that Johns was using appellant's gun with appellant's permission and maintaining it for appellant while he was serving a short jail sentence. Although the gun was not within appellant's immediate physical possession as of April 13, 2018, a reasonable factfinder could conclude that appellant exercised dominion and control over the gun as of that date so as to regain actual possession of the gun upon his release from jail, and therefore possessed the gun beyond a reasonable doubt.

{¶ 15} Alternatively, appellant argues that the state failed to present sufficient evidence to prove that the offense occurred in Wood County. R.C. 2901.12 provides that a criminal trial shall be held "in the territory of which the offense or any element of the offense was committed."

{¶ 16} Appellant argues that venue in Wood County was improper because at all times he was in jail in Williams County. However, the gun itself was located in Wood County, and that is where appellant's constructive possession of the gun occurred. Therefore, we hold that appellant's conviction was based on sufficient evidence that an element of the offense was committed in Wood County.

6.

{¶ 17} Finally, appellant contends that his conviction was against the manifest weight of the evidence. Appellant does not separately argue this issue. Instead, he relies upon his argument in support of his insufficiency claim.

{¶ 18} Sufficiency of the evidence and manifest weight of the evidence are quantitatively and qualitatively different legal concepts. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). A claim that a jury verdict is against the manifest weight of the evidence requires an appellate court to act as a "thirteenth juror." *Id.* at 387. In so doing, the appellate court,

> reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.

*Id.*

{¶ 19} Upon our review of the record, we find that this is not the exceptional case in which the evidence weighs heavily against the conviction. As discussed above, the evidence demonstrates that it was appellant's gun and that he exercised dominion and control over it. Therefore, we hold that appellant's conviction is not against the manifest weight of the evidence.

7.

{¶ 20} Accordingly, appellant's first and second assignments of error are not well-taken.

{¶ 21} Having found that the trial court did not commit prejudicial error to appellant and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                     _____
                                                    JUDGE

Christine E. Mayle, J.
CONCUR.
                                     _____
                                                      JUDGE

Gene A. Zmuda, P.J.
CONCURS AND WRITES
SEPARATELY.
                                     _____
                                                      JUDGE

**ZMUDA, P.J.**

{¶ 22} Because I agree that the conviction should be affirmed based on sufficiency of the evidence of possession and venue, but based on more limited reasoning regarding possession, I write separately.

8.

{¶ 23} Appellant was convicted of a single count of having a weapon while under disability, in violation of R.C. 2923.13(A)(2) and (B), with the offense occurring on or around April 13, 2018. Proof of the offense did not require proof that it occurred on a specific date, but only that the offense occurred within a reasonable time of the date charged in the indictment. *State v. Schaaf*, 5th Dist. Richland No. 07 CA 55, 2008-Ohio-2689, ¶ 31, citing *State v. Sellards*, 17 Ohio St.3d 169, 478 N.E.2d 781 (1985).

{¶ 24} The evidence at trial included recordings of appellant's calls to his girlfriend, Elizabeth Johns, in Wood County, Ohio. In the recorded calls, appellant informed Johns that he had a "strap" in his book bag, stored at Johns' house, and asked her to put his "strap" in his safe, also in her house. The conversations clearly indicated the "strap" was a gun, as appellant asked Johns if she shot anybody with it. Appellant stipulated at trial that, at all relevant times, he was under a disability and prohibited from possessing a firearm.

{¶ 25} While Johns ultimately did not store the gun in appellant's safe, but took the gun and kept it on her bedside table, these facts are irrelevant to the determination that appellant asserted ownership over and possessed the gun. "In order to 'have' a firearm, one must either actually or constructively possess it." (Citations omitted.) *State v. Munn*, 6th Dist. Lucas No. L-08-1363, 2009-Ohio-5879, ¶ 47. Appellant's recorded statements, indicating he stored his gun in his book bag or in his safe at Johns' home, established the fact of constructive possession, without any need to define possession based on Johns acting as appellant's agent.

9.

{¶ 26} Constructive possession requires dominion and control over the gun, and not proof of immediate physical possession. *Munn* at ¶ 47, quoting *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976). The fact that appellant admitted to storing the gun at Johns' home, in his book bag or in his safe, is sufficient evidence to demonstrate constructive possession. *See Munn* at ¶ 47-48 (sufficient evidence where defendant stored his belongings, including the gun, at a friend's home, and a witness tied defendant to the gun); *see also State v. Phillips*, 10th Dist. Franklin No. 14AP-79, 2014-Ohio-5162, ¶ 120-122 (evidence that gun was found in defendant's storage unit was sufficient to establish constructive possession).

{¶ 27} Therefore, I would affirm without reaching the conduct of Johns, as irrelevant to the issue of appellant's constructive possession of the gun. Accordingly, I respectfully concur.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.